THE STATE OF MISSOURI, *ex rel.*, T. C. NESBITT, Respondent, *vs.* THE BOARD OF EDUCATION OF APPLETON CITY, Appellants.

1. *Statute, construction of—School districts—Towns—Territory outside of corporate limits attached.*—Territory outside of town limits may be taken in and attached for school purposes. [W. S. 1262, §1]

### *Appeal from St. Clair Circuit Court.*

*Henry Flanagan, with Ferguson & Clark*, for Appellants, relied upon, Fort Dodge School District, vs. Dist. Township Wahkansa, 15 Iowa, 434 ; Ind. School District of Granville vs. Supervisors, 25 Iowa, 305 ; Cist vs. State, 21 Ohio St., 339.

*Smith & Johnson*, for Respondents.

The law of 1870 only authorized: Any City, town, or village, the plat, &c., together with the territory attached, &c., to be organized into, and established as a single school district, but did not authorize inhabitants of said town, or any part of them, to include under said organization neighboring territory not before attached thereto. (State vs. Searl, 50 Mo., 268.)

WAGNER, Judge delivered the opinion of the court.

Judgment was given for the plaintiff in the court below, upon demurrer, and the only question in the case is, whether certain proceedings, by which territory outside of the town limits was attached to Appleton City for school purposes, were regular and legal.

At an election held for that purpose in pursuance of notice, the town, with other territory lying out of the corporate limits, was organized and established as a separate school district under the provisions of the statute. (W. S. 1262, § 1.)

The voters of the town, and also those inhabiting the outside district, participated in the election on the adoption of the law, and in the choice and selection of trustees ; but it is now insisted that there was no authority for attaching or annexing any territory not included within the corporate limits. The statute above referred to declares that " any city, town

or village, the plat of which has previously been duly filed and recorded in the Recorder's office of the county wherein the same is situate, together with the territory attached, or which shall hereafter be attached, to any such city, town or village for school purposes, may be organized into, and established as a single school district." It would seem obvious enough from the reading of this statute, that it was not intended to confine the land to the territory attached to the town in its corporate capacity. The language is, " the territory attached, or which shall be hereafter be attached to any city, town or village, for school purposes."

This clearly contemplates, that territory outside of the town limits may be taken in and attached for school purposes, as convenience may require, whenever the people interested may so desire. It then becomes dis-annexed from the former school district, and constitutes attached territory in the sense of the law.

I therefore think the Circuit Court erred, and its judgment must be be reversed and the cause remanded. The other Judges concur.