STATE OF MISSOURI, *ex rel.*, WILLIAM S. BRACKEN, ETC., Appellant, *vs.* JOSEPH F. HEISER, ETC., Respondent.

1. *Schools—Sub-districts—Organization of towns with adjacent territory—Const. Stat.*—Territory embraced in a school sub-district outside of, and adjoining an incorporated town, may be organized with it for school purposes under Art II, §§ 1 *et seq.*, of the school law. (Wagn. Stat., 1262.) In such case a previous " mutual agreement" of the municipal and township boards, etc. as provided by § 17, Id., p. 1267, is unnecessary. If, after the town sub-district is organized under the law, and Boards of Directors and of Education are duly elected and qualified, it becomes desirable to have additional territory from the township annexed for school purposes, it must be added in accordance with the provisions of § 17.

*Appeal from Caldwell Circuit Court.*

*H. J. Chapman,* for Appellant.

*J. M. Hoskinson,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This was an information in the nature of a *quo warranto*, filed on the relation of William S. Bracken, who represents himself to be the President of the Board of Education for township 56, in range 28, in Caldwell County.

The petition states substantially, that in the year 1868, township fifty-six, in range twenty-eight, in Caldwell County, constituted one school district under the laws of this State; that in the month of October, 1868, the Board of Education of said district sub-divided said township or district into seven sub-districts, which said sub-districts were numbered from one to seven inclusive; that said sub-district numbered two, so created, included within its limits, the town of Kingston, with her corporate limits defined by law, as well as other territory adjoining thereto ; that a plat defining the limits of the several sub-districts into which said township had been thus divided, had been duly filed, etc.; that local directors had been duly elected for each of said several sub-districts, and that a clerk had been elected for each of said several boards of directors ; that in said sub-district numbered two, which includes the town of Kingston, William S. Bracken, (the relator,) John Mc-

Naughton and Nelson A. Smith were elected as local directors; and that said Wm. S. Bracken was elected clerk of said local board of directors; that the clerks of the several boards of directors of the said several sub-districts constituted the board of education for said township numbered fifty-six, and that they. as such board, in April, duly elected the said William S. Bracken (the relator,) president of said township board, etc.; and that he was duly qualified and installed into said office; and that said board of education so constituted were entitled to all the rights and privileges of boards of education as secured by the laws of this State.

The petition then charges, that on, or about the 17th day of January, 1873, an election was held in said town of Kingston, for the purpose of adopting the school incorporation law in relation to towns, cities and villages, as is shown in Wagn. Stat., pages 1262 and following; that at said election (said town of Kingston being situated in the territorial limits of said sub-district numbered two) all of the voters in said sub-district numbered two were permitted to vote for the adoption or rejection of said law, and a majority of votes so cast at said election were in favor of the adoption of said law; that by virtue of said election it is claimed by defendant that the whole of the territorial limits of said sub-district No. 2 became incorporated under said law, authorizing cities, towns, etc., to organize for school purposes into independent school districts; that an election was afterwards held for the purpose of electing directors to serve as a board of education of the said "Kingston School District" so created as aforesaid; at which election George Royer, Samuel Turner and others were elected and claimed to be, and constitute a "Board of Education of Kingston School District" and that the defendant, Joseph F. Heiser was elected president of said board; and that by virtue of these elections and proceedings, the defendant claims to be president of said board of directors, and that said assumed board of directors assume to act for and to control all of the school property belonging to said sub-district number two; and that they are usurping the powers and duties of school directors in and for the same.

The petition has many more and different allegations in reference to what is considered the illegal acts of the defendant, and said board of directors, charging that they are about to issue bonds for the purpose of the erection of a school house, and that said pretended board is threatening to levy taxes, etc., etc.

Injunctions are prayed for, and a judgment of ouster asked against defendants together with other things, which it would be a waste of time to mention; as the merits of the case depend on the portions of the petition hereinbefore substantially stated.

This petition was demurred to, and the only ground of demurrer necessary to notice, is, that the petition does not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the court, and the plaintiff refusing further to plead, judgment was rendered against the relator from which he appealed to this court.

There are several points raised in this court in reference to the action of the court below in permitting the filing of a substituted demurrer after the demurrer filed in the case had been overruled and in reference to the action of the court in deciding the cases after the substituted demurrer had been filed without hearing a re-argument of the case, which are all deemed to be purely technical and without merit, and will not be further noticed in the opinion in the case. The only real question to be decided by this court is, does the petition in this case state facts sufficient to constitute a cause of action against the defendant.

It does not seem to be questioned by the petition, that the town of Kingston is a town of the description, which is authorized by Art. II. of chap. 123 to organize into a single and separate school district for school purposes. (2 Wagn. Stat., 1262, §§ 1, *et seq.*)

It is admitted by the petition, that the inhabitants of subdistrict number two, in township fifty-six, which includes the town of Kingston, attempted to organize under said act; but it is insisted that in doing so they had no right to organize

any portion of the territory of said sub-district, except that included in the corporate limits of said town; and that no person had a right to vote at the election held for the adoption of said law, except such as resided in the corporate limits of the town. And it is further insisted, that in order to the organization of any adjoining territory with said town, it must be done under the seventeenth section of said article; that in this case all of the inhabitants in sub-district number two voted in the elections held for the purpose of the adoption of said law and the organization of the district under the same; that the whole proceedings are, therefore, void, and that the defendant is a mere usurper of a supposed office.

The first section of the act under which the town of Kingston and attached territory attempted to organize is as follows:

Section 1st. "Any city, town or village, the plat of which has previously been duly filed and recorded in the recorder's office of the county wherein the same is situated, together with the territory attached, or which shall hereafter be attached to any such city, town or village for school purposes may be organized into and established as a single school district in the manner and with the powers hereinafter specified; but the provisions of this act, except section fifteen shall not apply to any city, town or village, or any part thereof, which is now or may hereafter be governed as to schools, by any special law."

The second section provides that "in order to form such organization, written notices shall be posted up in three or more public places in said contemplated district, signed by at least twelve resident freeholders of the same, requesting the qualified electors in said district to assemble, upon a day, and at some suitable place in said district, then and there to vote by ballot for, or against the adoption of this act, which notice shall be posted up at least ten days next prior to said meeting."

The third section provides for the manner of conducting the election after the voters have assembled.

The fourth section provides for manner of electing directors for the new district if the law should have been adopted at the previous election.

The fifth section provides for the election of a president and treasurer of the board of directors and prescribes their duties, etc.

The seventeenth section provides that "adjoining territory may be annexed to any city, town or village for school purposes by the mutual agreement of the respective boards of education of such city, town or village, and of the township interested; either board may propose such annexation of territory by resolution, and notify the other board interested, who shall act upon the same without delay, and when they shall return to the board making the proposal their approval, the territory shall be deemed annexed, *provided*, that no territory shall be deemed annexed until the assent of a majority of the voters of the territory to be annexed, shall be given at an election to be held for that purpose." * * *

Now it is insisted by the relator that no territory outside of the corporate limits of a town can be organized with said town under this law, without a compliance with the provisions of the seventeenth section, and that as a large amount of territory which had previously been and constituted a part of sub-district number two, including the town of Kingston, and attached therewith for school purposes, was organized with said town under the first, second, third and fourth sections of said act, the whole proceeding was thereby void and the officers attempted to be created therein were usurpers.

I do not think that this is a proper construction of the statute. The first section provides that any town, etc., together with the territory attached, or which shall hereafter be attached for school purposes, may be organized into and established as a single school district, etc.

In this case all of the territory included in sub-district number two embracing the town of Kingston, was attached together for school purposes; and it was necessary and proper when an attempt should be made to organize the town of Kingston under this law, that the whole district of country thereto attached for school purposes, should be included; and it was right and proper that all of the qualified voters resid-

ing in said attached territory should vote and participate in such organization, which seems to have been done in this case. If, after the separate school district is organized under the law, and a board of directors and a board of education duly elected and qualified, it becomes desirable to have additional territory from other portions of the township annexed for school purposes, it must be annexed under the provisions of the seventeenth section. (State vs. Nesbitt, 53 Mo., 127.)

We see no error in the rulings or judgment of the Circuit Court. The costs were properly recovered against the relator.

The judgment will be affirmed; the other judges concur.