STATE OF MISSOURI EX REL. SHARP V. MILLER, APPELLANT.

1. **School Districts, extension of:** CONSTITUTION.  The act authorizing boards of education in cities, towns and villages to extend the limits of the territory attached for school purposes, beyond the corporate limits (Sess. Acts 1868 p. 163–4) is constitutional, although it does not require the consent of the districts affected by such extension.

2. ———.  The board of education of a town which has been organized into a special school district may, under this act, by resolution annex additional territory, although previous to such annexation the district did not extend beyond the limits of the town.

3. **Schools:** TAXATION : CONSTITUTION.  Sec. 8 Art. 9 Constitution of 1865, amounts to a mandate to the legislature to provide the means of sustaining a free school in each district in the State at least four months in each year, but does not prohibit a larger provision.

*Appeal from Macon Circuit Court.*—HON. J. W. HENRY, Judge.

*Gilstrap, Dysart & Brown* for appellant.

I. The act of 1868 is unconstitutional.  Under its provisions, a special school board, with jurisdiction over a fractional part of a former district, could incur a large indebtedness, and then, by pushing out their boundaries by a simple resolution, subject the property included within the extension to the payment of liabilities, which the owners had no part in creating, and forcing them into another and different jurisdiction.  A whole district, with its school houses and property, may thus be absorbed without their consent.  If the legislature can authorize an extension of one and one-half miles, it can authorize any extension.  Such a power would be destructive to the interests of surrounding townships.

II. The act of 1868 intends to authorize extension by the special district only when there is territory attached to the district outside the city proper, derived by surrender from the township board, under the act of 1867.

III. The tax is levied in violation of Art. 9, § 8 of the Constitution of 1865.

*B. G. Barrow* and *Eli J. Newton* for respondent.

NORTON, J.—This was a proceeding instituted in the County Court of Macon County, under section 183 Wag. Stat. 1196, for the purpose of obtaining judgment to enforce the lien of the State against certain real estate of defendant, for taxes alleged to be due thereon. Upon a trial before the County Court, plaintiff obtained jugdment, from which defendent prosecuted an appeal to the Circuit Court, where, upon a new trial, plaintiff again obtained judgment, from which defendant has appealed to this Court. It appears from the evidence in this case, that the town of La Plata was organized as a separate school district under the provisions of chap. 47 p. 274 of the Gen. Stats. of 1865; that at the time of such organization it did not embrace the lands upon which the tax sought to be enforced was levied, but that subsequently to its organization under section 1 Acts 1868 p. 164, the board of education of the special school district town of La Plata, by resolution duly adopted, extended the limits of the territory attached; that the extension of the limits of said district under said resolution embraced or included the land of defendant, against which plaintiff was seeking to enforce the lien of the State for taxes unpaid; that there was due on said land school taxes for the years 1871 and 1872, which had been levied for the support of the public school of the town of La Plata; that the notice required to be given under section 184 Wag. Stat. 1197, that application would be made to the County Court for judgment against said land, had been given. On the trial, objections were made to the admission of evidence tending to establish the above facts, and also to the action of the court in refusing the instructions asked for by defendant. Inasmuch as the plaintiff failed to recover judgment for the taxes claimed to be due for the year 1871, it is unnecessary to notice the objection to the admissibility of the notice received in evidence in relation thereto, as defendant and

appellant has not been prejudiced thereby; and as the objections to the evidence offered apply also to the action of the court in refusing instructions, we will consider them in reviewing the instructions. The declarations asked and refused were as follows : *First*—In acquiring the territory claimed by the extension of the district, no presumptions in favor of the action of the district board, or any officer, can be indulged, and if the court finds from the evidence that no territory had been previously attached to said district by proper authority, other than the remaining territory of district No. 2, then the school board of La Plata special school district had no power whatever, under the act of 1868, to extend the limits or boundaries of the said special school district. *Second*—That the said act of 1868 is unconstitutional and void. *Third*—That the school law does not authorize the levying of any school tax for purpose of tuition, in pursuance of the constitution of the State, and is therefore void, and confers no authority to levy such a tax. *Fourth*—That upon the whole law of the case and testimony, plaintiff is not entitled to recover.

I. It is insisted by counsel that the first instruction should have been given on the theory that under the act of 1867, sec. 1, pages 165, 166, and sec. 1 of the act of 1868, p. 163–4, the board of education of the town of La Plata had no authority to extend, by resolution, the limits of the territory subject to their control as a school district, because no territory had been previously attached to the special school district of the town of La Plata. This, we think, is a misconception of the acts referred to. The act of 1867 provides that any *township board of education* may set off from any district in said township, so much territory as in their estimation will advance the general interests of education, and annex the same for school purposes to any city, town or village organized for school purposes, and, upon the passage of a resolution by the township board of education, setting off and annexing any territory to any such town, city or vil-

1. SCHOOL DISTRICTS, EXTENSION OF: constitution.

lage, the same shall be effectual for · that purpose when approved by the board of education of such town or city.

II. The act of 1867 provides for the country taking in the town or village, and is to be put in force by the *board of education of the township*, while the act of 1868 provides that a town, which has been duly organized into a special school district, may annex or attach additional territory to its limits, by a mere resolution of the board of education of such town or city, provided the territory attached does not extend more than one mile and a-half from the limits of the corporation of any such city or town. It would therefore seem to be manifest that it was entirely within the power of the board of education of the special school district of the town of La Plata to attach additional territory to that already, or originally, composing the district, and, under this view, the instruction asked was rightly refused. *State ex rel. v. Board of Education of Appleton City*, 53 Mo. 127.

We can see no force in the objection made to the constitutionality of the act of 1868. Whether the provisions it contains are wise or unwise, just or unjust, we are not to adjudge. It was the province of the legislature to determine that question, which they have done. It may, however, be observed that both the acts of 1867 and 1868 have been modified and changed by the subsequent act of 1870. Wag. Stat. 1267 sec. 17.

III. Nor do we see any force in the objection that, under sec. 8 art. 9 of the constitution of 1865, the legislature had no power to authorize a larger tax to be imposed than was necessary to make up what the school fund might lack to maintain a free school at least four months in every year, in each school district in the State. That section is not to be regarded as a limitation upon, or curtailment of, the power conferred upon the legislature in section 1 of the same article of the constitution, which makes it obligatory on the legislature to establish and maintain free schools for the gratuitous

instruction of all persons in the State between the ages of five and twenty-one years. It is to be considered rather as a mandate to the legislature to provide the means for sustaining a free school in each district for the period of *at least* four months, without containing a negation of the right of the legislature, under section 1, to provide the means for maintaining such schools for a longer period than four months.

Perceiving no error in the refusal of the instructions asked, the judgment is hereby affirmed. All concur.

AFFIRMED.