THE STATE EX REL. SCHOOL DISTRICT No. 3, &C., PLAINTIFF IN IN ERROR v. MAYVIEW BOARD OF EDUCATION.

**Town School Districts.**   Outlying territory adjacent to a town may be organized with the town into a single school district under the statute (Wag. Stat. p. 1262 § 1), without having been previously attached to the town for school purposes.

*Error to Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

This was a proceeding by information in the nature of a *quo warranto* brought by the prosecuting attorney of Lafayette county at the relation of several school districts in that county for the purpose of testing the question whether the Board of Education of Mayview school district right

fully exercised jurisdiction over certain territory described in the information. It appeared by the return to the writ that the town of Mayview was situated in district 6, T. 49, R. 26; that two of the complaining districts were situated in another township; that by proceedings taken in supposed conformity to section 1, Wag. Stat. p. 1262, the town and the remainder of section 6, together with portions of the complaining districts had been organized and established as a single school district. To this return there was a demurrer on the ground that it failed to show that the territory taken from the complaining districts was attached to the town of Mayview for school purposes, when the election was held and the other steps were taken which resulted in the alleged organization. The demurrer was overruled and there was judgment for the respondent. The other facts are stated in the opinion of the court.

*Ryland & Ryland and Wallace & Chiles* for plaintiff in error.

It has been decided by this court that a city, town or village with its additions may organize under this law, or that for the purposes of organization all the territory of the district outside of the limits of such city &c. may be considered as territory attached thereto for school purposes, and that in either case the voters of such city &c. alone or with the territory so attached, can adopt such law. *State v. Searl*, 50 Mo. 268; *State v. Heiser*, 60 Mo. 540. But these decisions do not hold that this law will authorize the annexation of territory lying outside of such district and in a different township without the consent of the districts to be affected. *Smith v. Township Board*, 58 Mo. 297; *State v. Heath*, 56 Mo. 231.

*Walker & Field* for defendant in error, cited *State v. Appleton City &c.*, 53 Mo. 127; *Indept. School Dist. v. Supervisors*, 25 Iowa 305; *Fort Dodge School v. Dist. Township &c.*, 15 Iowa 434.

HOUGH, J.—On the 8th day of February, 1874, an election was held in the town of Mayview, in Lafayette county, and in certain territory, four miles in length and one mile and a half in width, encompassing said town, but not attached thereto for school purposes, for the purpose of organizing the same into a single school district, under the provisions of the first section of the act of March 21st, 1870, in relation to public schools. At said election two-thirds of the qualified electors, residing in the territory described, voted for the adoption of the act aforesaid, and thereafter the further requirements of said act were in due time regularly complied with. The sole question presented for our determination is, whether territory lying outside of a city, town or village, and not already attached thereto for school purposes, could be included by such city, town or village, in its original organization into a school district under the first section of the act aforesaid. This precise question was decided in the affirmative in the case of *The State v. Appleton City*, 53 Mo. 127, and that case is decisive of this. The judgment of the circuit court, holding the organization of the town and the unattached territory into a single school district to be lawful, will, therefore, be affirmed. The other judges concur.

AFFIRMED.

65    589
43a   341

65    589
49a   257

65    589
73a   655

65    589
167   324