| 74  443|
| 99  802|

## HENRY v. DULLE, *Plaintiff in Error.*

1. **Schools:** CITY, TOWN AND VILLAGE DISTRICTS. Chapter 47, General Statutes 1865, authorized the organization of any incorporated city or town, together with the territory attached for school purposes, if any, into a single school district; and section 17 of the act of March 21st, 1870, (2 Wag. Stat., p. 1267,) authorized any district so organized to attach to itself territory outside the corporate limits of the city or town, by complying with the provisions of that section.

2. ———: JEFFERSON CITY OUT-LOTS. The evidence adduced in this case clearly shows that the out-lots of the City of Jeffer on became attached for school purposes to the city school district by virtue of a resolution adopted by the board of education of the district on the 31st day of August, 1868.

3. ———: CITY, TOWN AND VILLAGE DISTRICTS. A resolution of a board of education of a city, town or village attaching outside territory for school purposes, (as authorized by section 1, page 164, Acts 1868,) did not remain inoperative until the secretary of the board transmitted copies of the resolution to the clerks of the several townships affected, or until the several clerks caused the requisite changes to be made in the maps of their townships. It took immediate effect, whether these officers performed their duties or not.

4. ———: ———: PRESUMPTION OF PERFORMANCE OF OFFICIAL DUTY. Where a board of education of a city school district directed the county clerk to include plaintiffs' lots on the list of taxable property for school purposes, and plaintiffs paid such taxes thereon for several years, and one of them voted several times at elections for school directors, and the map of such board and the maps of the township showed that such lots were included in such city school district, and not in any of the sub-districts, it was held that these facts justified the presumption that the secretary of the board had performed his duty in certifying its resolution, attaching such lots to the school district, to the township clerk, and that such clerk acted upon the resolution and made the sub-districts conform thereto.

5. ——— : ——— : DETACHING TERRITORY. A board of education of a city has no power to detach by resolution territory attached by it in accordance with section 1 of the act of 1868, (Sess. Acts 1868, p. 164).

6. ——— : DISTRICT MAPS, AS EVIDENCE. Maps of school districts made by authority of law, (2 Wag. Stat., 1248, § 30,) and properly filed in the office of the county clerk, are public documents and competent as evidence.

*Error to Cole Circuit Court.*—HON. G. H. BURCKHARTT, Judge, presiding in the case.

REVERSED.

*M. J. Leaming* and *Belch & Silver* for plaintiff in error.

The *onus* was on plaintiff to sustain the allegations of the petition as to the illegality of the tax sought to be restrained, and to show that their property was outside of the school district. Hilliard on Taxation, p. 295, § 15; *C. B. & Q. R. R. Co. v. Paddock*, 75 Ill. 616; *Mills v. Thornton*, 26 Ill. 300; *O'Kane v. Treat*, 25 Ill. 557; *Pillsbury v. Humphrey*, 26 Mich. 245; *Harrison v. Vines*, 46 Tex. 15; *Bailey v. Buell*, 59 Barb. 168; *Macomber v. Center*, 44 Vt. 235; *Briggs v. Whipple*, 7 Vt. 15; *Warden v. Supervisors*, 14 Wis. 618; *Matter of Farmers' Bank*, 1 Thomp. & C. (N. Y.) 383; *Hutchins v. Hope*, 7 Gill (Md.) 119; *State v. Melton*, 8 Mo. 418; *Walton v. Walton*, 17 Mo. 376; *Sauer v. Kansas City*, 69 Mo. 47. The finding is wholly without evidence to support it, and for that reason should be reversed. *Cadwallader v. Cadwallader*, 26 Mo. 76; *Darrier v. Darrier*, 58 Mo. 222; *Nesbitt v. Neill*, 67 Mo. 277. If the out-lots, at the time of and prior to the organization under chapter 47, were attached to the city for school purposes, they were necessarily included in that organization. 60 Mo. 540; 64 Mo. 56. If so included, they will be presumed to have remained as originally organized. The notice, by its terms, shows that there was at the time of its publication and prior thereto, territory attached to the City of Jefferson

for school purposes.   The maps were competent evidence.
1 Phillips Ev., p. 236; 1 Dillon Munic. Corp., (3 Ed.) §
304; 2 Wag. Stat., p. 1248, § 30.   Officers are presumed
to perform their duties.   *Hilts v. Colvin*, 14 Johns. 182; 1
Phillips Ev., p. 604.   Even if the out-lots were not in-
cluded in the original organization, still the resolution of
July 22nd, 1869, conclusively fixes them in the city district.
The law of 1868, (Acts 1868, p. 164,) is constitutional.
*Sharp v. Miller*, 65 Mo. 50.   The secretary of the board is
presumed to have done his duty.   *Long v. Joplin M. Co.*,
68 Mo. 431 ; *School Directors v. School Directors*, 73 Ill. 249,
255.   The board had no authority to detach territory once
attached.   1 Dillon Munic. Corp., § 24.

*L. C. Krauthoff* and *J. R. Edwards* for defendants in
error.

School districts are by the law regarded as *quasi* mu-
nicipal corporations of the most limited powers known to
the law, having only such powers as are specially con-
ferred; and such powers must be exercised precisely as
given.   *Harris v. School Dist.*, 28 N. H. 58, 61 ; *Rapelye v.
Van Sickler*, 1 Edm. Sel. Cas. (N. Y.) 175; 2 Dillon Munic.
Corp., (2 Ed.) § 610 ; Sedg. Stat. and Const. Law, pp. 299,
397 ; Potter's Dwarris, pp. 146, 257 ; *Trumpler v. Bemerly*,
39 Cal. 490 ; *Nichol v. Nashville*, 9 Humph. 252, 261 ; *Fowler
v. St. Joseph*, 37 Mo. 228, 238 ; *Cist v. State*, 21 Ohio St. 339.
The act of 1868, evidently contemplates that before the
territory described in the resolution of the city or town
board of education shall be held to be attached to such
city or town, it shall be first detached from the township
or county district to which it naturally belongs.   Other-
wise the same property might be in two districts at one
and the same time.   Some action on the part of the town-
ship district authorities is necessary in order to complete
the transfer of the territory.   And the necessary action is
clearly defined by this act; it is, first, that a copy of the

resolution shall be transmitted to the township districts affected, and second, that the clerk of such townships shall cause maps of their townships to be changed accordingly. Until these steps are taken, the process of detaching territory from one and attaching it to another district, is not complete. In this case, there is no pretense of a compliance with these requirements. *Butterfield v. School Dist.*, 61 Me. 583; *Downing v. Rugar*, 21 Wend. 178; *Powell v. Tuttle*, 3 N. Y. 396. Besides, the resolution was repealed the year after its passage and long before the levy of the taxes complained of. The repeal of the resolution obliterated it as completely as if it had never been passed. *Key v. Goodwin*, 4 Moore & Payne 341; 1 Dillon Munic. Corp., § 314; *Ogden v. Blackledge*, 2 Cranch 272; *Musgrove v. R. R. Co.*, 50 Miss. 677, 681; *Bank v. Snelling* 35 Mo. 190; *Kansas City v. Clark*, 68 Mo. 588; Sedg. Const. and Stat., p. 108 *et seq.*

Some objection was also made by counsel below to the ruling of the court putting the burden of proof, under the pleadings, upon the defendant; but the correctness of this ruling is unimportant, as we do not suppose defendant has thereby been prevented from producing any evidence favorable to his theory of the case. The location of the property outside of the corporate limits of the city, being admitted by the answer, such property was *prima facie* outside of the school district of said city. If it had been in anywise attached thereto, that was a fact peculiarly within the knowledge of the officers of such district, and a familiar and elementary rule of evidence made it incumbent upon them to show the fact if it existed. *State v. Lipscomb*, 52 Mo. 32; *State v. Van Winkle*, 1 Dutch. (N. J.) 73.

NORTON, J.—This is a proceeding by injunction instituted by John W. Henry, E. L. Edwards, H. Clay Ewing and J. L. Smith in the circuit court of Cole county, to enjoin the defendant, who is the collector of the revenue of

said county, from collecting and enforcing the payment of certain school taxes directed to be extended on certain out-lots of the City of Jefferson, belonging to the plaintiffs, by the board of education of the Jefferson City school district. The question involved is whether or not the out-lots of said city are a portion of the school district of said city. It was not denied that such out-lots were outside of the corporate limits of the city, but it was insisted that they had been attached thereto for school purposes. The court below held that it did not appear that they were so attached, and granted the injunction prayed for. The defendant then sued out this writ. The only question for our determination is, whether the evidence warranted the finding and judgment rendered by the circuit court.

It is admitted by the pleadings that in 1867 the inhabitants of the City of Jefferson, under the provisions of chapter 47 of the General Statutes of 1865, organized the said City of Jefferson into a separate or single school district. The first section of the above chapter provides "that any incorporated city or town in this State, plat as laid out and recorded, with the territory attached, or hereafter to be attached, to said city or town or village for school purposes, may be organized into a single school district."* This section, owing to its phraseology, is somewhat obscure as to its meaning, but whatever of uncertainty arises upon the face of it, has been removed by the construction put upon it, in the cases of *State ex rel. v. Heiser*, 60 Mo. 540, and *State ex rel. v. Board*, etc., 64 Mo. 56, in which it was held that any incorporated city or town which had already attached to it for school purposes territory lying outside of its corporate limits, could organize itself into a single school district, embracing within such district such attached territory; and that such district when so organized might thereafter attach other

1. SCHOOLS: city, town and village districts.

_____

*This is the language of the section as it appears in the General Statutes. For an explanation of its true intent and meaning, see Acts 1868, page 164.

territory under the provisions of section 17 of the act of March 21st, 1870, (2 Wag. Stat., p. 1267, § 17). It was also held that under said act any incorporated city or town, the school district of which only included the territory within the corporate limits of such city or town, might also organize itself into a single school district, and that after such organization it might also attach territory outside of its corporate limits to such district by complying with the provisions of said section 17.

The question as to whether previous to the time the City of Jefferson was organized into a single school dis-

2. ———: Jefferson City out-lots. trict, territory lying outside of its corporate limits had been attached to, or was within the Jefferson City school district, is left in doubt by the evidence. The only evidence tending to establish this fact was a notice dated September 4th, 1867, and signed by fourteen persons, to the following effect: "The undersigned freeholders and residents of the City of Jefferson, and the territory attached thereto for school purposes, request the qualified electors of the aforesaid school district to assemble on September 14th next, between the hours of ten and twelve in the forenoon, at the mayor's office, in the market house, then and there to vote for the organization of an independent school district under the act of March 15th, 1866, amended by the act of March 13th, 1867."

From this notice an inference might be drawn that the school district of Jefferson City, at the time this initiatory step was taken to organize it into a single school district, embraced territory outside of the corporate limits; but whether the land of plaintiffs, upon which the tax complained of was imposed, was within the said territory, is not shown. We could not, therefore, supply by inference what the evidence fails to show, viz: That the property of plaintiffs was embraced in the territory attached to the Jefferson City school district at the time it was organized in 1867 into a separate school district.

The only remaining question is, did the evidence ad-

duced on the trial show that the board of education of the city of Jefferson, after its organization into a single district, attach territory for school purposes which included the lands of plaintiffs, such lands being out-lots of Jefferson City. To establish this fact, defendant put in evidence a resolution of date August 31st, 1868, which is as follows :

" *Resolved*, That the territory lying east, south and west of the present city limits, to the extent of one and one-half miles from said limits, be, and the same is hereby attached for school purposes to the City of Jefferson."

Also the following resolution dated July 16th, 1859 :

"*Resolved*, That the order extending the limits of the territory attached for school purposes to the City of Jefferson, passed by this board on August 31st, 1868, and recorded on page 21 of this record, be, and the same is hereby rescinded."

Also the following resolution dated July 22nd, 1869 :

"*Resolved*, That the resolution of the 16th inst., in regard to the limits of the school district, does not refer to the out-lots of this city, but they are included within the city district; nor does it affect the southeast fractional quarter of section 1, in township 44, of range 12, which was attached to the city school district by a former board, and before the organization of the city under chapter 47 of the General Statutes of Missouri."

Defendants also put in evidence a map of the school district of the City of Jefferson, according to the record of the board of education, which defined the boundary of said district and showed that the out-lots of Jefferson City were included in the said boundary ; also a map or plat of township 44, range 11, indorsed " 1873," and produced by the county clerk as a paper from his office ; also a map or plat of township 44, range 11, indorsed, " filed June 4th, 1870, by C. M. Ward, clerk." Both of these maps showed the boundaries of the school sub-districts in said township and range, and the out-lots of Jefferson City were not included in any of said sub-districts, but were included in

the Jefferson City district. Defendants also read in evidence the tax-books for the years 1870, 1871, 1872 and 1874, showing that plaintiffs had during those years paid taxes for school purposes on the out-lots of Jefferson City. Defendants also offered in evidence the poll-books for the years 1878, 1879 and 1880, showing that one of the plaintiffs had voted for the election of school directors of the board of education for the City of Jefferson. This evidence, we think, clearly establishes the fact that the out-lots of Jefferson City became attached for school purposes to the school district of the City of Jefferson, by virtue of the resolution adopted by the board of education on the 31st day of August, 1868.

The authority for the adoption of said resolution is to be found in section 1, Acts 1868, page 164, which is as follows:   " It shall be lawful for any board of education of any city, town or village in the State of Missouri, at any meeting thereof, to extend the limits or boundaries of the territory attached for school purposes to any city, town or village, to any distance not to exceed one and one-half miles from the limits of the corporation of any such city, town or village, as may, in their estimation, advance the general interest of education ; and upon the passage of a resolution by any board of education of any city, town or village, extending the limits or boundaries of territory attached for school purposes, to any city, town or village as aforesaid, it shall be the duty of the secretary of the board to transmit copies of the same to the clerk of each school township affected thereby, without delay ; and thereupon the said township clerks shall cause maps of their respective townships, provided for in section 13, chapter 46, of the General Statutes, to be changed accordingly." The position taken by counsel that under the above section a resolution adopted by the board of education of a city attaching territory outside of its corporate limits for school purposes, remains inoperative till the secretary of the said board transmits copies of the

same to the clerk of each township affected thereby, and till the township clerks perform their duty under the section, is not maintainable. The statute does not so declare, and such a construction of it would put it in the power of the secretary of the board and township clerks to nullify the action of the board, by failing to perform the ministerial duties imposed upon them by the statute. The object of the legislature in making these requirements, was that the township clerks might have before them the information necessary to enable them to make such changes in the boundaries of sub-districts in their townships, or to make them conform to the resolution of the board attaching parts of the territory belonging to them to the city, town or village district.

But were it even necessary that the clerk of the board should certify the resolution to the township clerk, and

4. ____; ____. that the township clerk should act upon it,

presumption of performance of official duty. before the resolution could be operative, yet still, in view of the fact alleged in the petition that since the organization of the City of Jefferson into a single school district the board of education has assumed control and directed the county clerk to include the out-lots in the list of taxable property liable to be taxed for the support of said school; and in view of the fact shown by the evidence that plaintiffs acquiesced therein by the payment of such taxes for the years 1870, 1871, 1872 and 1874, and the further fact that one of the plaintiffs voted at the election for school directors for the years 1878, 1879 and 1880; and in view of the further fact, shown by the map of the board of education of the City of Jefferson, and also the maps of township 44, range 11, offered in evidence, that the sub-districts in said township were made to conform to the resolution of the board, and that according to all three of these maps the out-lots were embraced in the Jefferson City district, and not in any of the sub-districts, the presumption may be justified and indulged that the secretary of the board of education of Jefferson

City did his duty in certifying the resolution of the board to the township clerk, and that the township clerk acted upon it and made the sub-districts of the township to conform to it. *School Directors v. School Directors*, 73 Ill. 255; *State ex rel. v. Board of Education*, 64 Mo. 54; *Long v. Joplin M. & S. Co.*, 68 Mo. 431. That the out-lots of the City of Jefferson, as shown by the maps in evidence, are within one and one-half miles of its corporate limits, cannot be disputed.

It is also insisted that the resolution of July 16th, 1869, had the effect of rescinding or repealing the resolution of August 31st, 1868, and detaching the out-lots which had been attached by virtue of it. We have been unable to find any authority conferred by the school law upon a board of education of a city, town or village, to detach by resolution, territory which had been attached by resolution adopted in accordance with section 1, Acts 1868, *supra*. The resolution of July 16th, 1869, for this reason, could have no such effect as is claimed for it. 2 Dillon Munic. Corp., § 89. The general assembly have undertaken in the school law to regulate the whole subject of forming, organizing and changing school districts; and boards of education and boards of directors must pursue the legislative will, and can exercise no power not expressly conferred or necessarily implied. *Harris v. School District*, 28 N. H. 58, 61. If the view contended for by plaintiffs is correct, that a board of education of a single or separate school district can, by a mere resolution, detach territory once attached to such district, what becomes of the territory thus detached, and to what district is the property in such territory amenable for taxes? It certainly would not, by a simple resolution detaching, belong to any other school district, but would be left in a condition where it would be liable to escape school taxation altogether.

Section 30, 2 Wag. Stat. 1872, page 1248, shows that the maps offered in evidence were made by authority of

6. ——: district maps as evidence. law and were properly filed in the office of the county clerk, and being public documents, and coming from the proper custodian of them, they were properly received in evidence. 1 Phillips on Ev., p. 236.

The judgment will be reversed and the cause remanded to the circuit court with directions to dissolve the injunction and dismiss the bill of plaintiffs. All the judges concur. Judge HENRY being a party-plaintiff, did not sit.

*Motion for rehearing overruled.*