STATE ex rel. SCHOOL DISTRICT, Respondent, v. JNO.
T. BEALE, Clerk County Court, Appellant.

**Kansas City Court of Appeals, December 2, 1901.**

1. **Mandamus**: BOUNDARY OF SCHOOL DISTRICT: FINDING:
EVIDENCE. Evidence relating to the boundary between two con-
tiguous school districts is reviewed and found abundant to support
the finding of the trial court in a mandamus proceeding.

2. ———: PEREMPTORY WRIT: SCHOOL TAXES. An alternative
writ of mandamus required the levy of the relator district to be ex-
tended over certain disputed territory, and if the tax-books had been
delivered to the collector then the county clerk should certify to
such collector that the taxes collected on said disputed territory
should be paid to the relator district. *Held*, such writ should not
be made peremptory, since the only taxes that should be paid to the
relator district were taxes levied by it and not such as were levied
by another district.

Appeal from Morgan Circuit Court.—*Hon. James E. Hazell,*
Judge.

REVERSED AND REMANDED *(with directions)*.

*D. E. Wray* and *J. W. Jamison* for appellant.

(1) There is no substantial evidence upon which the
court could base a finding that the land belongs to district
No. 1. Under the law the burden is upon relator, to show
that the land belongs to it. R. S. 1899, Sec. 4304; State ex
rel. v. Finley, 74 Mo. App. 213; City of Carondelet v. City
of St. Louis, 29 Mo. 527; State ex rel. v. Town of Westport,
116 Mo. 592; Black v. Town of Brinkley, 15 S. W. 1030.

*Forman & Nevill* and *J. D. Hubbard* for respondent.

(1)    Relator respectfully submits that the judgment of the lower court was for the right party and should be affirmed.

ELLISON, J.—This is a mandamus proceeding by relator to compel the respondent, as county clerk of Morgan county, to extend the tax levy made by the relator school district upon certain described lands claiming that they were lands belonging to and within the boundaries of the relator district.    An alternative writ was issued and upon a hearing in the circuit court was made peremptory.    The contest is really between relator as district No. 1 and district No. 2. The question between them is, in which district does the south half of the north half of sections 21 and 22 of township 45 of range 18, Morgan county, Missouri, lie.

It is conceded that both districts were legally organized and that the land was taxed by and for district No. 1, from 1870 to 1876 inclusive; and that it was taxed by and for district No. 2 for the years 1880 to 1886, and the years 1895 and 1898.    It does not appear which district taxed this territory in the years not included in those just mentioned, from 1870 up to the hearing.    The evidence is quite contradictory and is also somewhat confusing.    District No. 1 lies immediately south of and adjoining district No. 2, and included originally, among other lands, sections 21 and 22.    It was first organized and, when within a year district number two came to be organized, it was found there were not sufficient scholars in the territory proposed as such district, an agreement was reached between the two, that district No. 1 would surrender to district No. 2 the north half of the north half of sections 21 and 22, being a piece of land one-quarter of a mile wide and two miles long.    Thus, that strip confessedly belonged to district No. 2.    But it seems that by some means not made clear, the latter district, at some time later, began to claim another strip across these sections of equal width,

being the south half of the north half of said sections and being the land in dispute as aforesaid. Several plats of the districts were introduced, one, at least, carrying out the claim of district No. 1, and several others tending to sustain the claim of district No. 2. These plats introduced by the latter district were not very satisfactory as evidence for many reasons not necessary to go into now. To add to the embarrassment in ascertaining the true state of facts, the courthouse of Morgan county was burned and thus, probably data destroyed which might have made clear, things which are now obscure. A number of witnesses, some of them old citizens, were introduced by the respective parties, but they, too, though officers and patrons of the districts, disagreed as to nearly all contested points.

But with it all, it is certain that there was abundant evidence to sustain the trial court in finding that district No. 1 is in the right as to the disputed territory, and that henceforth such disputed territory, must be regarded as belonging to and a part of district No. 1; and that the taxes levied by such district shall hereafter be extended over such territory for the benefit of such district.

Notwithstanding that we thus affirm the action of the trial court in this respect, the judgment must be reversed for the following reason:

The relator's alternative writ asks that the respondent clerk be required to extend the levy of the relator district over this disputed territory. And that if he has already delivered the tax-books to the collector, that he certify to such collector that the taxes collected were due to and should be paid to district No. 1. Now it appeared in evidence that the respondent clerk had already extended the tax levied or estimated by district No. 2, over this territory. So, therefore, when the order was made in the peremptory writ to have the tax collected paid to district No. 1, it gives to the latter district

taxes which it never levied. It gives it the taxes levied or estimated by another district. This, of course, should not be done. The only taxes which could legally be paid to district No. 1, would be such as that district has estimated or levied. The writ did not ask that the taxes estimated by district No. 1 be certified to the collector by a supplementary certificate, and we do not say that the proceeding here was instituted in time to have that done before collections were made. Nor have we inquired whether any language of the statute relating to such subject, or the spirit of the statute would forbid such supplementary certificate. But certain it is, that error was committed in commanding the payment of taxes to district No. 1 which had been levied by district No. 2.

The judgment will be reversed and the cause remanded with directions that judgment be entered declaring said disputed strip (describing it) to be a part of the territory of district No. 1, and that hereafter the taxes of district No. 1 be extended over such territory for the benefit of that district, unless its boundaries should hereafter be changed according to law. The costs of this appeal to be assessed against district No. 1 and the costs of the trial court against district No. 2. The other judges concur.