SCHOOL DISTRICT NO. 52, CLINTON COUNTY, RESPONDENT, v. SCHOOL DISTRICT NO. 64, CLINTON COUNTY, APPELLANT.*

Kansas City Court of Appeals. December 7, 1925.

394

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 839, n. 40; 4CJ, p. 657, n. 37; Schools and School Districts, 35Cyc, p. 1005, n. 37; p. 1119, n. 75.

*W. S. Herndon* for respondent.

*Daniel H. Frost* for appellant.

ARNOLD, J.—This is an action by School District No. 52, familiarly known as Stony Point District, lying wholly within Clinton county, Missouri, seeking to recover the sum of $412.68 for the school years 1916 to 1923, inclusive, as tuition for certain colored children in attending a school maintained by said district for colored children, against School District No. 64, lying immediately south of District No. 52, and partly in Clinton and partly in Clay county, Missouri.

The petition is in seven counts, each of which covers a claim for tuition for one of the years involved in this controversy and charges that the colored children for whose tuition the suit was instituted reside within the defendant District.

The answer admits that both plaintiff and defendant are common school districts, organized and existing under the laws of Missouri, and that plaintiff district has maintained a school for colored children within its district, at all times mentioned in the petition, but denies all other allegations of the seven counts of the petition. As further answer, defendant denies that the colored children named in the petition ever resided in the defendant district, or that defendant is indebted to plaintiff in any sum on account of tuition for them; that the said children mentioned in the seven counts of the petition resided with their father, Wash Grayson, within plaintiff's said dis-

trict, on the lands of their father which, at all said times, were assessed to, and taxes for school purposes thereon, were paid into plaintiff district.

The reply admits that the children named in defendant's answer, except Harry Grayson, are the children of Wash Grayson and that they reside with their father on lands owned by him; denies that said land is within the boundary lines of plaintiff district, but avers that said land is within the boundary lines of defendant district and has been for a long period of time; and generally denies all other allegations of the answer.

The trial was to the court sitting as a jury. No instructions or declarations of law were asked or given, and no findings of fact, or conclusions of law were asked. Neither was there a peremptory instruction in the nature of a demurrer asked at the close of plaintiff's evidence, or at the close of all the evidence. The judgment was for plaintiff in the amount asked on each of the seven counts of the petition, being a total amount of $412.68 and interest at six per cent. Motions for a new trial and in arrest were unavailing and defendant appeals.

There are six assignments of error, the first of which is general and is to the effect that the trial court erred in finding for plaintiff and against defendant. The remaining assignments name specific grounds upon which defendant relies for reversal of the judgment, and as they supplement the first, they will be considered together.

It is charged the court erred in holding there was any evidence that the lands of Wash Grayson and Nannie Hawkins had been transferred from plaintiff district to that of defendant; in considering any of the evidence offered by plaintiff as being competent to prove a change in the boundary lines of said districts; and that there is no evidence to show the lands in question were ever in the defendant district. It is urged that the errors pointed out in assignment No. 1 should work a reversal of the case.

In considering this composite assignment, a brief review of the testimony presented is necessary. The facts in evidence are that plaintiff district No. 52 joins defendant district No. 64 on the north; that they were formerly numbered 12 and 13, respectively, until renumbered a few years back. The original boundary line between them was an irregular stream known as Smith's Fork Creek, a tributary to the Platte River. The boundary line thus was rendered more or less irregular.

There now is, and for many years past has been, maintained a school for colored children in District No. 52. There are two colored families who have owned small tracts of land upon which they have resided for many years north of Smith's Fork Creek and within the boundaries of former district No. 12, now 52. The children of these families always

have attended the school for colored children maintained by district No. 12, now 52. Some seven years ago, a contention arose on the part of district No. 52 to the effect that these children belonged in district No. 64 and from that time demands have been made by district No. 52 against No. 64 for tuition for these children. Payment was refused and this suit was brought.

The evidence shows that up to the year 1887, Smith's Fork Creek was the boundary line between the two districts and that the lands upon which the children concerned in this dispute resided, were within the boundaries of district No. 12, now 52. The lands are parts of the northeast quarter Section, 20, Township 54, Range 32, Clinton County, lying north of Smith's Fork Creek.

One Bird Hixon, a white man, owned seventy-five acres being all of the north half of said quarter section except five acres belonging to Nannie Hawkins, a colored woman. There is evidence to the effect that in 1887 Bird Hixon made application for a transfer of his seventy-five acre tract from district No. 52 to district No. 64. As to the testimony of record indicating that such change was authorized, there was presented a letter from the county commissioner to the county clerk directing such change. The letter is as follows:

"Plattsburg, Mo., April 9, 1887.

"Geo. R. Riley,

"Please change the plat of District 13, Town 54 so as to attach 75 acres of N 1/2 NE 1/4 section 20, and 16 acres of N 1/4 of section 21 bounded on the east by Smiths Fork Creek on north and west by section lines, so as to place Mr. Bird Hixon with said land in said district 13, 54.

"Yours respectfully,

"T. J. KINZER, Co. Com."

This letter was on file in the county clerk's office. That the office of the county clerk acted upon the request contained in this letter is shown by the change made in a plat which was also on file, also of record. There is an annotation on the back of this plat which excepted five acres being the west half section, northwest, northeast 20-54-32. The plat itself shows that the five-acre tract excepted by the clerk's certificate was occupied by Anna Hawkins. A deed, introduced in evidence, shows that the tract owned by Anna Hawkins is located in the southeast corner of the northwest quarter, northeast quarter of section 20, and the description on the back of the plat similarly locates it, only there it is placed on the west side, southeast quarter, northwest quarter, northeast quarter, section 20, and the description in the deed locates it at the south end of the east half of the northwest quarter, northeast quarter of section 20.

The location of the Grayson land is described by a deed, also in evidence, as beginning at a point at the southwest corner northeast

quarter, northeast quarter section 20, which is shown to be the southeast corner of the Hawkins tract, and is described as the southeast quarter, northeast quarter section 20-54-32, beginning at said point running east to the creek, thence down the creek southwesterly to where it intersects the west line of the quarter-quarter section, thence north to the beginning. Thus the descriptions show the location of the two five-acre tracts to be south of the Hixon land and south of the boundary line between the two districts, thereby placing them within the boundary line of district No. 64.

Defendant urges that the procedure by which the boundary line between the two districts legally could have been changed is governed by section 7023, Revised Statutes 1879, as follows:

"Whenever it may be deemed necessary to form a new district, composed of portions of two or more districts, or to change the boundary lines of any district, it shall be the duty of the directors of the districts affected, upon the reception of a petition desiring such change, and signed by ten qualified voters residing in either of the districts affected, to post a notice of the desired change in at least three public places in each district interested, twenty days prior to the time of the annual meeting. And the voters, when assembled, shall decide such question by majority vote. If the assent to such formation be given by all the annual meetings of the various districts thus voting, the district shall be deemed formed, or the boundary lines thus changed from that date. But if a part of the districts affected vote in favor of and a part against such change, the matter shall be referred to the county commissioner for final decision, who shall proceed to inform himself as to the necessity of the proposed change, and his decision thereon shall be final, and shall be transmitted to the various district clerks, and by them be entered upon the records of the various districts; provided, that no new district shall be thus created, or boundary line changed, by which any district shall be formed containing within its limits less than thirty pupils by enumeration. [Laws 1874, p. 151, sec. 18.]"

It is urged by defendant that there is no evidence in the record showing that the procedure outlined in the statute was followed and therefore that the change sought to be made in the boundary line, as plaintiff claims, has no legal support.

However, the township plat in evidence tends to show the change was made in 1887, in accordance with the letter of the county commissioner, above set out. There is also some oral evidence in the record which tends to show there was a petition presented and an election held in accordance therewith in district No. 12, now 52 but there is no showing of an election in district No. 13, now 64, nor is the result of any such election shown in either district. The letter of the county commissioner is some evidence in support of the court's ruling in this respect.

In the case of Henry v. Dulle, 74 Mo. 443, under facts similar to those presented in the case at bar, it was held that such facts justified the presumption that the official duties required by the statute had been performed. Plaintiff urges that the decision of the county commissioner, under the provisions of the statute above quoted, is final, decisive and not subject to collateral attack. This position seems to be amply supported by the following cited cases: State ex rel. v. Young, 84 Mo. 90; State ex rel. v. Patton, 108 Mo. App. 26. Of course, in the case at bar, it was necessary to prove there was a compliance with all the preliminary requirements of the statute before the boundary lines could have been changed. The county commissioner was authorized to hear and determine the sufficiency of the proof and he was not required by law to record the evidence by which this proof was ascertained.

We find there was sufficient substantial evidence to support the judgment of the court.

It is also properly urged by plaintiff that in an action at law where no instructions are asked and none given, there are no questions for review except errors appearing on the face of the record proper, and whether, under the issues, plaintiff made out a prima-facie case. [Rausch v. Michel, 192 Mo. 293; St. Louis Union Trust Co. v. Hill, 283 Mo. 278.]

It is urged by defendant that no prima-facie case has been presented by the evidence of plaintiff, but with this assertion we cannot agree, for reasons stated above. Moreover, it is noted that defendant offered no demurrer, or instruction in the nature of a demurrer at the close of plaintiff's evidence; and this must be construed as an admission that there was sufficient evidence to take the case to the court sitting as a jury. This proposition of law is well settled. [Torrance v. Pryor, 210 S. W. 430.]

Defendant attempts to make the point that as the lands of Anna Hawkins and Wash Grayson were assessed as of district No. 12, now 52, this fact is conclusive that they resided in said district. However, this fact cannot be held to be conclusive, for the very good and sufficient reason that a levy made by one district on lands located in another would be illegal and unenforceable. [State ex rel. v. Beale, 90 Mo. App. 341; State ex rel. v. Brown, 172 Mo. 374; State ex rel. v. Shepherd, 218 Mo. 656.]

For reasons above stated, and failing to find reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.