———o———

COLUMBUS T. RICE, Respondent, *vs.* JOHN C. McCLELLAND, *et al.*, Directors Sub-District, No. 3, Township 63, Range 14; and SIMON ROROBAUGH, *et al.*, Directors Sub-District No. 5, Township 63, Range 14, Appellants.

1. *Schools—District—Organization—Evidence.*—The fact that a school district has in fact been organized and conducting business for a period of thirteen years is sufficient to show a legal existence without resort to record evidence of their organization; particularly where the question involved is the disposition of funds collected under acts officially performed by the directors of such district.

2. *Schools—Township Board—Irregularities.*—Proceedings of township boards of education will not be treated as void and set aside in collateral proceedings for mere irregularities which do not affect the substantial rights of the parties. Their actions will be upheld when good faith has been exercised, unless in very glaring cases of wrong, or when direct proceedings are instituted at the time to set their action aside.

3. *Schools—Taxes—Sub-districts, division of—Distribution of funds.*—A tax was assessed and levied by the directors of a certain school district numbered 3 for the erection of a school house. Before the tax was collected and paid over, the district was sub-divided, and a new district created out of a part which was designated as No. 5. A controversy arose as to the disposal of said taxes. *Held,* that under § 99, of the School Law, (Wagn. Stat., 1261) the money could be paid out only for the purpose for which it was levied and collected, and the township board had no right to apportion money collected for the erection of a school house in one sub-district between the two new districts. Any apparent injustice in such exclusive application to a part of the original district of the funds arising from taxation of the whole could be remedied under the provision of § 25 of the same act.

*Appeal from Adair Circuit Court.*

*Harrington & Cover,* for Appellants, cited : School Directors vs. Miller, 49 Ills., 494 : Potter vs. Chapin, 6 Paige, 639.

*Ellison & Ellison,* for Respondent, cited : Com. of Crawford Co. vs. Com. Marion Co., 16 Ohio, 466.

Vories, Judge, delivered the opinion of the court.

This was a proceeding commenced in the Adair Circuit Court, the object of which was to compel the two sets of school directors who are named as defendants, to interplead in the cause and have their respective rights settled to certain funds then in the possession of the plaintiff as township clerk, etc.

The best statement of the case that can be made is to copy the petition filed by the plaintiff which gives a detailed statement of the whole facts in the case, and is as follows :

"Plaintiff represents to the Hon. Circuit Court aforesaid, that he is the township clerk of townships Nos. 63 and 64, of Range 14, and that prior to the 16th day of Oct., 1871, Township No. 63, Range 14, was sub-divided into four subdistricts numbered one, two, three and four, and the boundaries of each sub-district fixed as the law provides. That while said township was thus sub-divided into four districts, the local directors for sub-district No. 3 in pursuance of section 6, of the present school law, determined to erect a schoolhouse for said sub-district, and for that purpose returned to the township clerk an estimate of $600 to be assessed upon and collected from the taxable property of said sub-district No. 3 ; also the sum of $25, for a school house site, and $20 for furniture for said school, and ten dollars for fuel, was appropriated and estimated for, making in all for said house, site, furniture and fuel the sum of $655 ; all of which will more fully appear from the records of said sub-district, a copy of which is herewith filed marked "A ;" and that there is now and was before the 16th day of Oct., 1871, in his hands for said sub-district No. 3, the sum of $149.25, and that there will

presently come into his hands the township and county funds heretofore estimated for said sub-district No. 3, before said 16th day of Oct., 1871. That on the 3rd Saturday of Sept., 1871, three of the six members of the board of education for Townships 63 and 64, of Range 14, met and there being no quorum the three present adjourned to the 15th of Oct., 1871, as appears by the record, a copy of which is herewith filed, marked "B," and a few days after said adjournment it was discovered that the 15th day of Oct., 1871, came on the first day of the week commonly called Sunday, and the time for meeting was changed from the 15th to the 16th day of October, 1871, by petition or order of change signed by five of the six members of the board of education, as will appear from a copy of the record filed, marked "C."

That on the 16th day of Oct., 1871, said board of education met and considered the question of dividing said sub-district No. 3, so as to make what is called Floyd's creek the line between said sub-districts.

That a petition asking said division was presented to said board signed by twenty-six persons residents of said district, and a remonstrance with twenty-six persons residents of said district protesting against said division. That upon consideration of the matter by said board it was ordered that said sub-district No. 3, be divided as prayed for in said petition *     *     making two sub-districts out of the former territory of No. 3, the said new sub-district being numbered 5, and the lines and boundaries of both 3 and 5 being fixed by said board on said 16th day of Oct., 1871; and that afterwards the defendants Simon Rorobaugh, James B. Leighton and Benj. D. Currence were appointed directors for said sub-district No. 5, and that sub-district No. 3, retained the same number; and the defendants John C. McClelland, Charles Beardslee and Charles Hoag, are the directors of sub-district No. 3. That afterwards the question arose as to the disposition of all the funds held by the plaintiff as such clerk as aforesaid *   *   * and a controversy was gotten up between said sub-districts as to how and to whom said funds

should be disbursed by the plaintiff, and a special meeting of said township board was had on the 25th day of Nov., 1871, and an order made by them dividing said funds between said sub-districts and ordering the plaintiff to pay the same out as follows, to-wit: The funds for a school house site, furniture and fuel raised by taxation, should be paid to each of said sub-districts from the taxes on property within the present limits of said districts; that is, all collections made within the present limits of district No. 3, should be paid out on orders from their school directors, and all the taxes on said estimates collected within the territory of said sub-district No. 5, should be paid out on orders from its local directors, and that the other funds should be divided between said sub-districts Nos. 3 and 5, in the ratio that the scholars in said districts should bear to each other as shown by the enumerations; and that sub-district No. 5, expressed itself satisfied with the action of the board; but that sub-district No. 3, is not satisfied and threatens to sue plaintiff if he pays any of the funds aforesaid to sub-district No. 5, and that sub-district No. 5, threatens to sue plaintiff to compel him to pay as said board ordered and directed him at said meeting last aforesaid. Your petitioner says he is not learned in the law, and that each of said sub-districts have and do raise objections as to the legality and force of the action of the other, and objections are raised as to the various acts and doings of the board of education aforesaid in the premises. Your petitioner says that he is a trustee for the funds aforesaid, and that he has been placed in such circumstances as to raise a reasonable doubt as to how he shall dispose of said funds and to whom, etc. Therefore he asks the court to adjudge and determine how, and to whom, and on whose order said funds shall be disbursed, and to direct how he shall disburse said funds and that he may be allowed a reasonable compensation for his time and trouble, etc., and have such other relief, etc."

The two boards of directors, made defendants in the petition, appeared in court and each board made a separate answer. The directors of district No. 3, insisted that said dis-

trict was entitled to all of the money levied or collected on estimates made for the use of said district previous to the formation of district No. 5.

The directors representing district No. 5 insisted that, as the money in the hands of the plaintiff had been collected from all of the inhabitants of both districts previous to the sub-division of district No. 3, into two districts, and the same had not been distributed or disbursed by plaintiff previous to the division of district No. 3 and the establishment of district No. 5, the order made by the township board to divide the funds so in the plaintiff's hands was properly made and that plaintiff should be ordered to pay out the money on the order of the respective boards of directors accordingly.

The evidence substantially sustains all of the facts stated in the plaintiff's petition. When the evidence was introduced the board of directors representing district No. 5, objected to all evidence in the case until the records should be produced, showing the establishment of district No. 3 by the township board of education. The objection was overruled and this ruling is one of the grounds of exceptions taken in the case.

The court found in favor of the board of directors representing district No. 3, and ordered the plaintiff to pay out and disburse the money named in the petition upon orders therefor made by the directors of said district.

The directors representing district No. 5, filed a motion for a rehearing which being overruled they appealed to this court.

There were a number of declarations of law asked at the close of the evidence in the case, but as they only raise the questions of law naturally arising out of the facts as they appear in the petition, it becomes wholly unnecessary to notice them in a special manner in coming to a conclusion in the investigation of the case.

It is first insisted by the local directors of school district numbered 5, that the court erred in permitting the record of the township board of education to be read in evidence until record evidence was produced showing the organization of

sub-district numbered three. The evidence shows that this sub-district had been organized, conducting business of every kind pertaining to such an organization for thirteen years. This we think was sufficient to show that such a district exist-ed in fact, without showing their organization by record evi-dence; particularly in a proceeding of this kind where both parties claim money from the township clerk which had been levied and collected upon estimates furnished by the directors of said sub-district.

It is insisted on the part of district No. 3, that the township board of education had no power to divide said district and form district No. 5, out of a part of the territory formerly be-longing to district No. 3, for the reason that the general meeting of the township board was not properly adjourned to the 16th day of Oct., the day on which the order was made forming the new district; that the adjournment of the board was to the 15th of Oct., which was Sunday, and that the mem-bers of the board after the adjournment had no right to change the time of meeting; that the meeting was therefore an irregular and special meeting, and that by the law no change in the sub-districts could be made except at a general meet-ing of the board provided for by law. And that, therefore, the action of the board on said subject was void and the di-rectors of the district No. 3, still have control of the whole district as originally formed. That question with the view which we have taken of this case is rendered immaterial so far as this case is concerned. But the evidence in the case shows that all of the parties interested in the matter were present at the meeting on the 16th of Oct., and after the whole matter was discussed before the board the new district was established, and that afterwards directors were elected in the new district, all parties acquiescing in the action of the township board until a difficulty arose over the ownership of the money in the hands of the township clerk. There is no doubt that the action of the township board was irregular; but if all of their proceedings which are had in good faith can be set aside and treated as void in collateral proceedings, for

irregularities which do not affect the substantial rights of the parties interested, the whole beneficial objects of our school system will be paralyzed and rendered inefficient. The schools must necessarily in many townships be conducted by men not accustomed to legal certainty and forms, and their action should be upheld when good faith has been exercised unless it is in very glaring cases of wrong, or where direct proceedings are instituted at the time to set their action aside.

The only real question going to the merits of this case is, as to whom the money belonged that was levied on estimates made by the directors of sub-district numbered three before it was divided and district No. 5, formed. The 6th section of our school law provides that "the local directors shall have power to erect, when they may deem necessary, a suitable school house in their sub-district, returning an estimate for this purpose to the township clerk which shall be assessed upon and collected from the taxable property in said sub-district, in the same manner as other estimates for school purposes, but no estimates for building purposes shall exceed two per cent. of said taxable property, unless a greater per cent. shall be ordered by a majority of the voters, etc. " (Wagn. Stat., (1872) p. 1243.)

In the case under consideration the estimate necessary to erect a school house in sub-district numbered three, had been returned by the directors and the tax levied in conformity to the law for said purpose, before any attempt was made to divide the district and create sub-district numbered 5 out of a part of the territory included in No. 3. The amount thus collected when the same should be paid to the township clerk, would be held by him subject to be disbursed upon the order of the directors of district numbered three for the purpose for which it was collected.

The 99th section of the school law, (Wagn. Stat. [2nd. Ed.], p. 1261) provides that "all moneys arising from the taxation shall be paid out only for the purpose for which they were levied and collected ; but the income from the State and township funds shall be applied only for the payment of wages of teachers." It will be seen from this last section that no

discretion is left in the township board in the matter; the money shall be paid out only for the purpose for which it was levied and collected.

It follows that the township board had no right to divide and apportion the money, collected for the purpose of the erection of a school house in one sub-district, between that district and another formed out of a part of the territory included in the original district. It is objected that it would be inequitable to permit the money collected from the tax-payers of a whole district, previous to the sub-division of its territory, to be applied to the exclusive use of a part of said tax-payers who should happen to remain in the old district. This difficulty was foreseen by the legislature, and to remedy it the 25th section of the school law was enacted which provides that "whenever it shall become necessary to build and furnish a school house in any sub-district, the inhabitants of which heretofore paid a tax for the building of school houses in other sub-districts in the township, in which such sub-district shall lie, and have not received the benefit of the same, it shall be the duty of the township board of education on receiving notice of such fact to make an estimate of such amount as shall be just and equitable, and cause the same to be assessed upon and collected from the taxable property of the township in the same manner as other estimates, and when so collected it shall be held for the use of such sub-district subject to the order of the directors thereof."

This section provides a manner in which the township board could have done justice to the new district without taking the fund that had been collected to build a school house in district No. 3, and dividing the same between the two districts, neither having enough money for the erection of a house. The legislature preferred that each district should have a house and authorized the township board to provide the means to erect a school house for the new district at the expense of the entire township.

We think that the Circuit Court committed no error in its judgment in the case and its judgment will be affirmed; the other judges concur.