District No. 6, Township 40, Range 28, of Henry County, Plaintiff in Error, v. District No. 5, Township 40, Range 28, of Henry County, Defendant in Error.

Kansas City Court of Appeals, June 8, 1885.

1. School Districts—Creation of New District—Distribution of Funds—Case Adjudged.—Defendant is an old school district existing prior to 1880. In 1881 plaintiff was erected into a new school district composed of part of the territory formerly embraced in the defendant district and other territory. When the *new* school district was formed the *old* was not indebted and there was in the hands of the treasurer of Henry County 311 92-100 dollars to its credit, which had accumulated from the levying and collecting of taxes *prior* to the formation of the new district, and on the personal property of the taxable inhabitants residing therein, including those transferred to the new district. After the formation of

the new district plaintiff demanded of defendant a warrant for its portion of said fund (assuming it to be 111 35-100 dollars) which defendant refused to give. This suit is to recover judgment therefor and for other relief. *Held*, there is no statutory provision applicable to such case, for the reason that it was not supposed by the legislature that there could ever be in the hands of the treasurer any surplus fund arising from assessment levies on the taxpayers for school purposes. It was provided that *so much* revenue was to be exacted as was exactly necessary, above the fund received from the general apportionment from the state, to conduct the school for the current year; and so the presumption would be that all the children of the district had received their share of the benefit from such tax; and so the money collected would remain on hand properly and necessarily. There is no privity between the old and new district. Each is a distinct legal entity.

APPEAL from Henry Circuit Court, HON. JAS. B. GANTT, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

PEYTON A. PARKS, for plaintiff in error.

I. The law makes provision for certain property to be owned by a school district. Ch. 150 Rev. Stat. Mo. 1879. It does not contemplate, however, or provide for the raising of a *surplus* fund in the several school districts of the counties by taxation; but only provides for raising by taxation sufficient fund for each current year, and it contemplates that there *shall be no balance* at end of year. Sects. 7050, 7031, Rev. Stat. Mo. 1879, Ch. 150; also, sect. 10, Article 12, Constitution of Mo. The law, therefore, provides for the division of all the property which, under the evident policy of the school system, the original district would have at the time of the formation of a new one. Sects. 7024 and 7025, Rev. Stat. Mo. A fair and equitable construction of these last sections will include in the division an unexpended balance of money on hand at the time of the formation of the new district, as well as the house, grounds, and furniture. Where by exchange of *boundary* a township is trans-

ferred from one *county* to another provision is also made for the transfer of the township fund on hand. Sect. 7108, Rev. Stat. Mo. And where by a change of boundary a *township* is *divided* by a county line, and lands in 16th section are sold, provision is made for the division of the proceeds between the respective portions of the township. Sect. 7124, Rev. Stat. Mo.

II. The whole school fund, that derived from taxation, as well as that derived from the apportionment of the public school fund, is a *trust fund*, for the benefit of the children of the several school districts, and each child is entitled to the benefit of its share of the fund. Sections 7123, 7124, 7125, Rev. Stat. Mo., vol. 2, p. 1404, Art. XI, sect. 2, Constitution of Mo.

III. Where a county is divided, and a township is bisected by a new county line, neither section of the *township* stands absolved from its debts but remains liable for the whole debt with right of contribution in case of payment. *Hughes v. School Dist. No. 29*, 72 Mo. 643. But if before the division a sinking fund had been collected for the payment of the debt, and the section paying the debt and seeking contribution would not equity compel it to account for said fund? Does not this doctrine apply as well to this case where there are no debts for division of the fund? *Johnson v. Smith*, 64 Ind. 275; *Albin v. Directors, etc.*, 58 Iowa 77; *School Dist. v. School Dist.*, 91 Pa. St. 182.

IV. The case of *Rice v. McClelland*, 58 Mo. 116, stands upon different reasons from those governing in this case, and both reasons given against the division of funds in that case, fail in this.

V. The old district, as it remains, seeks to take advantage of its own wrong and retain the whole fund, although there are no debts to be paid, while plaintiff being newly organized must build and furnish its school house and employ teacher so as to draw hereafter from the public school funds. Sect. 7122, Rev. Stat. Mo., Art. XI, sect. 2, Const. Mo.

R. C. McBETH, for defendant in error.

I.   The law does not contemplate *a division of funds on hand*, collected for teachers' wages, in a case of this kind.   It provides only for the raising of sufficient funds for the current year, and designed that there would be no balance at end of year.

II.   It is not alleged that more tax was levied at any time than was required to maintain the requisite term of school for one year ; and it is no answer to claim that defendant failed to have taught the requisite term of school so as to consume said funds prior to April, 1880. It is provided by the statute- (sect. 7122, Rev. Stat. Mo., 1879, p. 1403) that no school district that shall have failed to afford the children thereof the privileges of a free school for at least three months during the year, shall be entitled to any portion of the public school fund for that year.   But even in such case the parties in interest would not be entitled to equitable relief, and no equity exists for a division of the fund in controversy.

III.   This fund was levied and collected to pay teachers' wages in defendant school district and there is no sanction in law for the diversion or division of the fund with the new district, and it cannot be done without direct legislation authorizing it.

IV.   Sections 7024 and 7025 do not include a division of the fund levied and collected to pay teachers' wages.   The fund can only be used for the purposes for which it was levied and collected ; and to enable defendant to make contribution with plaintiff, it would necessitate additional legislation providing for levy of tax for such contribution.   Under no construction of said sections (7024–5) can defendant be compelled to pay unto plaintiff any part or portion of said fund.

Opinion by PHILIPS, P. J.

The petition in this case sets out the following state of facts :   That the defendant is an old school district, existing prior to 1880, composed of certain sections ; that afterwards, in 1881 the plaintiff was erected into a new school district, composed of part of the territory formerly embraced in the defendant district, and certain

other territory not so embraced. That at the date of the formation of the new district, the defendant was not indebted in any sum whatever, and that there was then in the hands of the treasurer of Henry county the sum of $311.92, as a balance to the credit of said old district, which sum had accumulated from the levying and collecting of taxes prior to the formation of the new district, and on the personal property of the taxable inhabitants residing therein, including those transferred to the new district; and that, after the formation of the new district, plaintiff demanded of the defendant a warrant for its portion of said fund, which defendant refused to give. Plaintiff claims that the equitable portion of said fund to which it is entitled amounts to $111.35. This suit is to recover judgment therefor, and for all proper relief. To this petition defendant demurred, on the ground that the same does not state facts sufficient to constitute a cause of action. The circuit court having sustained this demurrer, and the plaintiff electing to stand on its petition, it has brought the case here on writ of error.

1. It must be conceded that there is strong equity underlying this claim, at least so far as the children and taxpayers, who were transferred from the old to the new district, are concerned. The money in the hands of the treasurer was admittedly a trust fund, held for educational purposes, presumably in the old district, and the treasurer could not pay it out except on the warrant of the proper officers of that district.

An examination of the school law of this state (chapter 150 Rev. Stat.) leads to the inevitable conclusion that the only class of property held by a school district, which, in the contemplation of the legislature, might become the subject of equitable distribution between two or more districts, is that of school houses and sites. So sections 7024 and 7025 provide a method in the case of carving one district, or a part of one, out of another in which a school house had been erected, for the equitable compensation of the taxpayers transferred to the new district for their proportionate interest in such school house.

As illustrative of how rigidly the courts construe the granted powers of these *quasi* corporations, or whatever else you may call them, it is held, in *Rice v. McClelland et al.* (58 Mo. 116), that where a tax has been assessed by the directors of a school district for the erection of a school house, and a new district is thereafter carved out of it, the latter, is not entitled to demand of the former a proportionate share of the money so collected. The decision is based on the proposition that the money being a trust fund, collected for the erection of a school house, could be applied to that purpose alone, and paid out by the treasurer only upon the proper warrant. That is one of the contingencies, or hard cases, if you see fit to so call it, which the legislature foresaw might arise under the operation of the school law. But this adjustment of the rights and interest of the taxpayers and children can be made in no other way, because that is the prescription in the statute—the special charter of the corporations. In the absence of such statutory provision, we know of no mode, recognized by the law, by which this result could be secured. It does not appear from the petition for what purpose the money in question was collected from the taxpayers of the defendant district. It is simply averred that "said sum was derived from taxes levied and collected on the real estate and personal property of the taxable inhabitants of the defendant." From aught that appears, this fund may have been collected for the purpose of building a school house. If so the case is not distinguishable from that of *Rice v. McClelland, supra.*

But conceding that it was collected for other purposes contemplated by the statute, and it must be assumed, without more, that it was legally collected, as the presumption of the law is ever in favor of the official integrity and fidelity of public officers. Lawson on Presumptions 53; *Henry v. Dulle,* 74 Mo. 443. By what rule of law or equity can the plaintiff sue for it? It is admitted in argument, by the learned counsel for plaintiff, that this is a *casus omissus* in the statute. There is no statutory provision applicable to such case, for the

simple reason that it was not supposed by the legislature that there could ever be in the hands of the treasurer any surplus fund arising from assessment levies on the taxpayers for school purposes. Under the system devised by the legislature, just so much, and no more, revenue was to be exacted of the taxpayers at any one time as was exactly necessary, above the fund received from the general apportionment from the state, to conduct the school for the current year. And, therefore, the presumption would further be that all the children of the district had received their share of the benefit from such tax. It is true, an instance may be conceived in which a surplus might exist ; as, for example, a levy might be made, and tax collected for the current year, and after the school began an epidemic might break out, or other cause supervene, which would disband the school for the year.

So the money collected would remain on hand properly and necessarily. So that it does not necessarily follow, as counsel suggest in argument, that the presumption of law is that this surplus fund was improvidently or wrongfully exacted from the taxpayers by an over levy. In the absence of any statutory provision for the partition of this fund between the old and the new district, I am unable, after patient investigation, to discover any precedent or authority in law, or equity jurisprudence, for this proceeding. Admitting that the treasurer holds this fund in trust for the benefit of the whole number of children who were in the district at the time it was collected, what authority has this plaintiff to recover it ? No such power is given it by the charter of its creation. There is no privity between it and the old district. Each is a distinct legal entity. Where a corporation goes entirely out of existence, by annexation to or merger in another corporation, if no arrangement be made respecting the property and liabilities of the defunct corporation, the subsisting corporation succeeds to all the property and liabilities of the former. This rests on the principle of succession of rights and devolution of obligations. . As it takes the benefits so it must

bear the burdens of the antecedent concern. So it has been held where a township was parted, each part remains liable for a debt contracted by the whole, with right of contribution. *Thompson v. Abbot*, 61 Mo. 176; *Plunket Creek Township v. Crawford*, 27 Pa. St. 107. But here the old corporation exists. The new has received none of its property, and there is no liability for any obligation, for the petition states there is no debt. Suppose the plaintiff district should recover this fund sued for, what would become of it? If it be a trust fund for the benefit of the children who were resident in the old district at the time of its levy and collection, how could this court direct the fund, in any judgment or decree it might make, to be secured solely to the benefit of such of the children as are within the new district? In contemplation of the statute, from which the directors of the new corporation derive all their functions and faculties, they are only authorized to employ the school fund under their control for the support of schools in the district—for the benefit of all the children of the proper school age within the territory. By what authority or process could they so direct the employment of this $111, that it could enure to the sole use and benefit of the children coming from the old district into the new? It would be inequitable that any portion of the fund recovered by the plaintiff should enure to the benefit of children for whom it was not collected, or to the benefit of taxpayers who never contributed one cent of it. Only a part of the territory which contributed this sum is embraced within the new district. The children who lived within that part of the old district when the money was collected, who were transferred to the new, may not all live now within the new. The same taxpayers who contributed to this fund in the old district may not now live in the new. How, then, is it possible for the officers of the new district, who are seeking to recover this fund as an equitable fund for the benefit of the children or the taxpayers living in the new who were in the old district when it accrued,

to so apply it after recovering it? The impracticability of executing such a scheme demonstrates the lack of legal support for this action. The absence of any statutory provision for such a contingency, when the legislature were dealing with the subject of the apportionment of property between the old and new district, is persuasive evidence to my mind that no such right as is sought to be secured to the new district by this suit, was designed to be conferred upon plaintiff by the legislature.

Counsel for plaintiff have exhibited much industry in their search after precedents for this action. They have found none. Presumably none exist. We have carefully examined the authorities cited, but it appears, either that they rest upon a different state of facts, or upon the express provisions of the statute of the respective states. *Johnson v. Smith,* 64 Ind. 275; *Albin v. Directors of Independent District, etc.,* 58 Iowa 77; *Lower Allen v. Shermantown District,* 91 Pa. St. 182; *Board of Education v. Ladd,* 26 Ohio St. 210.

The equity of the taxpayers and the children transferred to the new district has appealed most strongly to me, but the law, in my opinion, does not authorize us to grant their prayer.

The judgment of the circuit court must, therefore, be affirmed. All concur.