THE CLEVELAND VILLAGE SCHOOL DISTRICT NO. 118, of Cass County, Mo., Respondent, v. HENRY ZION, Appellant.

**Kansas City Court of Appeals, December 18, 1916.**

1. **SCHOOLS AND SCHOOL DISTRICTS: New District: Division of Funds: Suit: Jurisdiction of Court.** Where the law provides that upon the formation of a new district out of parts of other districts, the districts affected shall agree upon a division of the property, and if they fail to agree, any district affected may appeal to the superintendent to have the matter determined by a board of arbitrators, the circuit court had no jurisdiction to entertain a suit by the new district against the treasurer of the old district to obtain its proportionate share of the funds, and especially is this true where the other district affected is not made a party.

2. ————: ————: ————: **Statute.** A statute authorizing county courts to reapportion moneys in the hands of county treasurers belonging to disorganized districts does not apply to schools in counties having township organization.

3. ————: **Funds: Diversion.** Money collected by taxation for school purposes should not be diverted from one fund to another exept according to law and by the proper authority. Certainly money in the teacher's fund cannot be transferred to and used in the incidental fund.

Appeal from Cass Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED.

*W. L. P. Burney* and *D. C. Barnett* for appellant.

*W. D. Summers* for respondent.

TRIMBLE, J.—This suit was brought, originally, by The Cleveland Village School District No. 118 of Cass county, and Brown, Laffoon, Edelen, Job, Noyes and Corey, Directors, and P. R. Brown, Treasurer thereof, against defendant, Zion, to recover certain funds alleged to have come into his hands as Township Trustee and Treasurer of Glen Wild School District, a common school district heretofore existing but disorganized in 1903 by the incorporation of the north two-thirds of its territory into the Cleveland Village School District and the south one-third of said territory into the West Line School District.

The petition was in two counts, the first of which, after alleging the official positions of all the persons above named, the existence of Glen Wild School District and the later disorganization thereof by the incorporation of two-thirds of its territory into the Cleveland Village School District and the rest into the West Line District, further alleged that at the time of said disorganization said Zion, as said township trustee and treasurer, had in his hands funds belonging to said disorganized district amounting to the sum of $183.46. Said first count further alleged that "under the statutes made and provided" the said funds in the hands of said Zion were to be divided to said districts according to the number of children of school age that were transferred to each of the districts that absorbed the territory of the disorganized district; that there were twenty-five children transferred to the Cleveland District and seven to the West Line District whereby the former became entitled to twenty-five-thirty-seconds of said funds and the latter to seven-thirty-seconds thereof; and that the said Cleveland District was entitled to $143.46 and said West Line District to $40.21. (This, it will be observed, is twenty-

one cents more than is alleged to be in defendant's hands). Said first count after alleging demand therefor and refusal to pay, prayed judgment with interest from the —— day of April, 1908.

The second count of the petition alleged that in a proceeding in the *county* court of Cass county, at the April term, 1908, wherein the Cleveland District was plaintiff and the West Line District and said Zion were defendants, a judgment was rendered finding that the Treasury of the Cleveland District was entitled to receive $143.46 and the custodian of the fund of the West Line District was entitled to receive $40.21 and ordering that said Zion honor warrants for said amounts respectively due said districts; that said judgment in favor of plaintiff for $143.46 is a final judgment and remains unpaid; wherefore judgment is asked for said sum, etc.

Defendant herein offered a demurrer to the petition. Plaintiff thereupon amended said petition by striking out all of the plaintiffs except the Cleveland Village School District. After this, the court upon consideration of the demurrer overruled it and defendant elected to stand thereon, Thereupon, the court heard plaintiff's evidence and found the issues for plaintiff upon the first count of the petition and found that the defendant was indebted to plaintiff in the sum of $143.*66* (which is twenty cents more than the petition asked), with six per cent. from April 30, 1908, making an aggregate of $207.58 for which judgment was rendered. Thereupon defendant appealed.

The judgment having been rendered on the *first* count of the petition, the second count need not be specially considered, and it would not have been mentioned except for the fact that it is necessary in order to understand the references herein to the order and judgment of the county court, and also because, from the recitals in the judgment herein appealed from, it seems that the circuit court accepted the county court judgment as fixing and determining the plain-

tiff's proportionate share of the fund in defendant's hands.

The main contention raised by the demurrer is that the circuit court is without jurisdiction to entertain this suit because the law has provided a method whereby the funds and property of the absorbed district may be divided between the new districts and that method should be followed. Section 10839, Revised Statutes 1909, provides that, upon the formation of a new district, the districts affected shall agree upon a division of the property on hand and upon the sum to be paid to the new district, and section 10840 provides that if they fail to agree, either of the districts may appeal to the County Superintendent of Schools who shall appoint a Board of Arbitrators, consisting of four persons, to ascertain and determine the amounts due. Where the statute provides a method of procedure by which the school districts may adjust their differences, that method must be followed. [Rice v. McClelland, 58 Mo. 116; School Dist. v. Sims, 186 S. W. 4; District 6 v. District 5 of Henry county, 18 Mo. App. 266.] If it be said that sections 10839 and 10840, being found in the chapter on country common school districts, does not apply to a village district, the answer is that the disorganized district and also the West Line District were such districts and the sections do not by their terms exclude a village district when that happens to be the new distrct that is formed.

It may perhaps very well be that if the Cleveland Village School District had absorbed all of the Glen Wild District, then the former would be entitled to sue for and recover the property belonging to the latter, as successor to all its rights and liabilities. [Abler v. School District of St. Joseph, 141 Mo. App. 189, 197.] As said in District v. District, 18 Mo. App. 272, "Where a corporation goes entirely out of existence, by annexation to or merger in another corporation, if no arrangements be made respecting the property and liabilities of the defunct corpor-

ation, the subsisting corporation succeeds to all the property and liabilities of the former. This rests on the principle of succession of rights and devolution of obligations.'' But in this case plaintiff does not succeed to *all* of the property of the disorganized district but only to a proportionate part thereof. And this suggests another difficulty affecting the validity of the judgment, which difficulty appears upon the face of the petition, and that is this: How can the plaintiff's share in the funds of the old district be finally ascertained and determined in a case to which the other district is not a party? It will not be bound by any ascertainment of plaintiff's share, in a case to which it was not made a party, and, therefore, defendant ought not to be made to pay the amount adjudged, since it will not protect him from the demand of the other district in case it should claim a larger amount than that accorded it. It may be that defendant is not entitled to rely on this as a ground of demurrer since it does not appear to have been clearly and sharply set up therein. But if so, then this feature can be referred to as illustrating very clearly at least one reason why the Legislature provides that the districts should, if possible get together and adjust the matter themselves, or if unable to do so, should appeal to the County Superintendent where their differences could be settled by arbitration. In that way all parties interested will be protected and bound. The law contemplates that school matters will be administered by men without technical training in the law, and seeks to provide, in so far as it is possible, a method by which they may adjust their own matters among themselves by a speedy and somewhat informal procedure. We are of the opinion that it should have been followed in this case, especially as one of the districts entitled to participate in the fund of the disorganized district is not made a party and will not be bound by any ascertainment of plaintiff's share.

But it is said the other district was a party to the proceeding in the county court, and that tribunal adjudged the amount of the share going to such other

district and, indeed, fixed the proportions going to each of the districts. That proceeding was based upon an Act of the General Assembly approved March 16, 1891, Laws 1891, pp. 204-5. (Which seems to have been omitted from subsequent revisions of the statutes. At least we have been unable to find where it has been repealed). But an examination of that Act, if it is still in force, will disclose that it does not apply to schools in counties under township organization where the township trustee is the treasurer of the school district instead of the County Treasurer. By the clear wording of the Act it applies "to monies remaining in the hands of the county treasurers of said counties" which have been apportioned by the court to the district before it was disorganized. Plaintiff claims that section 10830, Revised Statutes 1909, makes the Act also applicable to township trustees the same as to county treasurers. But this view is untenable since the clause referred to in that section has no reference to any power granted to the county court but merely provides that township trustees, as custodians of school moneys of the township, shall have duties corresponding to those of county treasurer. Since the Act in question has no application to the matter of dividing the funds involved herein, the division made by the county court amounts to nothing, and no division thereof has been made. And if, as seems likely, the trial court herein merely adopted the division made by the county court there has not been, anywhere, even an attempted division of the funds between the two districts.

Again money collected by taxation for school purposes cannot be diverted from one fund to another. Certainly money in the teacher's fund cannot be transferred to and used in the incidental fund. There is nothing in either the petition or judgment showing to what fund the money belongs or to what fund it should go when paid to plaintiff. If the division is made between the two districts as provided by sections 10839 and 10840 the matters as to the various funds will be fully known and the money can be properly distributed.

We are of the opinion that these sections provide the only law applicable to the division of the property of the disorganized district and that the procedure pointed out therein should be followed. When that is done and the rights of both districts are determined, if defendant still refuses to pay over the money, a remedy can be had to compel its payment.

The judgment is reversed. The other judges concur.