P. M. THOMPSON, Appellant, *vs.* JAS. ABBOTT, *et al.*, BOARD. OF EDUCATION OF SPRINGFIELD, Mo., Respondents.

1. *Schools—Sub-district merged in city for school purposes—Liability of city board for salary owing by sub-district board.*—Where, under the statute (Wagn. Stat., ed. 1872, p. 1267, § 17) a township sub-district becomes merged in an adjoining town or city for school purposes, and the board of education of the municipality takes possession and control of the school property of the annexed sub-district, the municipal board will thereby assume an obligation previously incurred by sub-district board for a teacher's salary. To have that effect no direct promise or agreement of the municipal board is necessary.

2. *Corporations—Merger—Liability of subsisting for debts of defunct corporation.*—Where one corporation goes entirely out of existence by being annexed to or merged in another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property, and answerable for all the liabilities.

*Appeal from Greene County Circuit Court.*

P. S. *Hefferman,* for Appellant, cited St. Louis vs. Allen, 13 Mo., 400; St. Louis vs. Russell, 9 Mo., 503; Morford vs. Unger, 8 Iowa, 82; Gorman vs. Springfield, 21 Me., 59; Blanchard vs. Bessell, 11 Ohio St., 96; 1 Dill. Mun. Corp., §§ 126, 128, 129, 1 ed.; North Hempstead vs. Hempstead, 2 Wend., 109; 2 Wend., 135; Milwaukie vs. Milwaukie, 12 Wis., 93; North Yormouth vs. Skillings, 45 Me., 133, 142; Cool. Const. Lim., 192, 231, 232; Wagn. Stat., 1267, § 17; 1262, § 1.

WAGNER, Judge, delivered the opinion of the court.

As this case was determined upon a demurrer, it will be necessary to examine the petition to see whether it states a cause of action. In substance, it is averred that plaintiff was employed by the board of education of sub-district No. 3, of school township No. 13, of range 22, to teach a school in said district at a stipulated price, which the board agreed to pay, and that he rented to them a house for which they were to pay him a certain compensation, and that he duly performed his part of the contract in the premises; that he received a part of his pay, but before payment was fully made, sub-district No. 3 was disorganized, and its territorial limits attached

to and merged in the City of Springfield for school purposes, and is now re-organized and established in said city as a single district; that the board of education of the City of Springfield is a corporate body, and as such it received all moneys belonging or accruing to sub-district No. 3 for school purposes, and that it has the exclusive care and control of all the school property for the said district, and that it succeeded to all the rights of the board of education of the said district; for which reason judgment was prayed.

The demurrer was based upon the ground that the petition did not show any liability of defendant to plaintiff; that no promise or agreement was averred to have been made by defendant to pay plaintiff the debt sued on.

As the petition did not aver any direct promise by the defendant to the plaintiff to assume or become liable for the debt, the question is, whether it was necessary, and whether, when defendant succeeded to all the rights and powers of the sub-district, it did not also become bound by operation of law, for all its just obligations. By the statute (Wagn. Stat., ed of 1872, p. 1267, § 17), it is provided that adjoining territory may be annexed to any city, town or village for school purposes, by the mutual agreement of the respective boards of education of such city, town or village, and of the township interested. Under the provisions of this law it seems that the annexation was made, and thereafter the sub-district had no distinct organization. It was merged in the city corporation under the direction and control of its board of education. This latter body succeeded to all the rights and immunities previously enjoyed by the district board, and was the only body in existence that possessed the power to adjust, settle and pay off its liabilities. Now, where one corporation goes entirely out of existence by being annexed to or merged in another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property, and be answerable for all the liabilities. After sub-district No. 3 had ceased to exist, there was then no power

·remaining as an independent organization in its behalf to control its funds or pay off its indebtedness. Its property passed into the hands of the defendant, and when the benefits were taken, the burdens were assumed. The pleadings admit that plaintiff's claim is a just and honest debt, and that the annexation took place, and that defendant obtained possession of and control over the property of the sub-district which owed the debt. Then manifestly, it became liable for its obligations.

·The judgment therefore, should be reversed and the cause remanded. The other judges concur, except Judge Vories, who is absent.