HUGHES, *Appellant*, v. SCHOOL DISTRICT No. 29.

72 643
91a 238

**Change in Public Corporation**: LIABILITY OF NEW FOR DEBTS OF FORMER CORPORATION: JUDGMENT. If a public corporation be abolished by law, and in its stead several new corporations be created, but no provision be made for the payment of existing debts, each of the new corporations becomes liable for all of them; and a judgment against the original corporation is binding upon the new ones.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*F. T. Hughes pro se*, cited *Plunkett's Creek Township v. Crawford*, 27 Pa. St. 107; *Thompson v. Abbott*, 61 Mo. 176; *Mount Pleasant v. Beckwith*, 100 U. S. 514.

*J. M. Knott* for respondent.

SHERWOOD, C. J.—The petition stated a cause of action, and the answer admitted the allegations of the petition. The facts which thus stand confessed upon the record, are briefly these: That prior to December 22nd, 1873, the territory embraced in the defendant school district was included in and formed part of school township No. 64, range 15, of Schuyler county; that on the day mentioned plaintiff obtained judgment against the township board of education of that township for $54.44; that in consequence of the operation of the general law of the State enacted in 1874, that township board passed out of existence, and the territory embraced within the limits of that township was formed into other school districts, of which defendant is one; that a portion of the judgment recovered was paid by one of those districts, leaving the balance still due, for which judgment was asked against defendant. On the trial it was agreed that the territory embraced in the defendant district constituted about one-fourth of the territory of township 64 aforesaid.

## I.

Where one corporation goes entirely out of existence by being annexed to or merged in another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property and be answerable for all the liabilities. This was the ruling in *Thompson v. Abbott*, 61 Mo. 176. So, also, where in consequence of the operation of law, a county is divided, and, as the result of such division, an ordinary township is bisected by the new county line, neither section of the township stands absolved from its debts, nor from the legal effect of a judgment previously rendered against the whole township, each section remaining liable for the whole debt, but possessing the right of contribution in case of payment. And so it was ruled in *Plunkett's Creek Township v. Crawford*, 27 Pa. St. 107. The same principle which dominates in the class of cases just mentioned should dominate in this one, and as no provision was made by law for the liabilities already incurred by township 64, prior to its dissolution, it must needs follow that each fractional portion of the defunct township, represented by the various school districts into which that township has been divided, stands liable *in solido* for the whole debt, but when such fractional portion or school district settles the debt, recourse over against the other fractional portions will be allowed it for whatever amount it may have paid above its own proper amount of the debt.

## II.

For the foregoing reasons the defendant district should not have been permitted to read in evidence the original order whereon the judgment in question was founded. The defendant was as much bound by the judgment originally rendered against township 64, as that township itself, and evidence was, therefore, inadmissible on the part of the

defendant, which would certainly have been inadmissible on the part of that township. The judgment is reversed and the cause remanded. All concur.