SCHOOL DISTRICT NUMBER 1, TOWNSHIP 53, RANGE 8, IN AUDRAIN COUNTY, MISSOURI, Respondent, v. PINKIE EDMONSTON, Appellant.

Kansas City Court of Appeals, May 16, 1892.

1. **Schools:** TEACHERS' CONTRACT: DUTY OF PRESIDENT. Where a school board meets and proceeds regularly to employ a teacher and

orders its clerk to make the contract with her, it is the duty of the president of the board to sign such contract regardless of his view of the propriety of such action.

2. ———: ———: TEACHER NOT ENJOINED. A school district cannot enjoin a teacher with whom its board regularly made an employment which is evidenced by its record and a contract in due form except it wants the signature of the president, which he wrongfully withholds.

3. ———: TEACHER'S CONTRACT AND CERTIFICATE: STATUTE CONSTRUED. A proper and reasonable construction of sections 7995 and 8021, Revised Statutes, 1889, does not require that the teacher shall, at the time of employment have a certificate which reaches to the end of the term of such employment, provided that during the term of such employment he has the proper certificate.

*Appeal from the Audrain Circuit Court.*—Hon. E. M. Hughes, Judge.

REVERSED AND DISMISSED.

*W. W. Fry* and *W. A. Edmonston*, for appellant.

Defendant was not a trespasser but was legally employed and rightfully in possession on the fifteenth of May, 1890, at the legal meeting of the board, by a majority thereof employing the defendant to teach the school and ordered the clerk to close the contract, which he did. Under this contract, without any knowledge that it was objectionable, or not signed by the president, she was put in possession by a director who was the clerk. We insist that the case of *Wilson v. Board of Ed.*, 63 Mo. 137, is decisive of this case. It is there held that if the teacher is employed by the board, through a committee, verbally, without any written contract, it is binding on the board and valid. The statute in force at the time of this decision was the same in substance as this under which this defendant was employed. 2 Wagner's Statutes, sec. 7, p. 1243, which was an act of March, 1870; *Wilson v. Board of Ed.*, 63 Mo. 137; *Page v. Board of Ed.*, 59 Mo. 264.

*W. H. Kennan* and *Geo. Robertson*, for respondent.

(1) Now we claim the contract is void for three reasons. *First.* The record of May 15 orders the "clerk to make a contract with Miss Edmonston," and does not state the amount she was to teach for. Section 7995, "employment of teachers," provides the contract shall be made by the order of the board, shall specify the number of months the school is to be taught and the wages per month to be paid, shall be signed by the teacher and the president of the board and attested by the clerk of the district, "when the teacher's certificate is filed with said clerk, and the certificate must be in full force for the time for which the contract is made." *Second.* The contract is not good because it is not signed by the president of the board. *Third.* Because at the time the defendant signed the contract, and it was attested by J. C. Ringo, clerk, she did not have a certificate "in force for the full time for which the contract was made," as provided by said section 7995, Revised Statutes, 1889, page 1859. (2) Counsel for appellant insists that *Wilson v. Board of Ed.*, 63 Mo. 137, is decisive of this case, and cites Wagner's Statutes, section 7, page 1243. The defendant board of education of the city of Lee's Summit was not governed by said section 7, 2 Wagner's Statutes, page 1243, for the reason that the said defendant board of education was organized under article 2, chapter 123, Wagner's Statutes, page 1262, and that the powers and duties of the defendant board of education are defined in sections 5, 6 and 7 of said article 2, Wagner's Statutes, page 1262. Even if the case of *Wilson v. Board of Ed.*, 63 Mo. 137, is in point (which we insist is not) the trial court, sitting as a jury, found the fact on the evidence of Ringo and Gray that the plaintiff, respondent here, made no contract with defendant, appellant here.

ELLISON, J.—This is a proceeding by injunction to restrain defendant from interfering with and preventing the plaintiff from carrying on a school in the school district. The injunction was granted and defendant appeals. Defendant claimed to be the rightful teacher under a contract with the directors, and was going to the schoolhouse from day to day, teaching the school against the protest of the directors who claimed to have employed another person, and that defendant was preventing them from carrying out their contract with such person, thereby preventing the carrying on of the school recognized by law, to the great detriment and irreparable injury of the inhabitants of the school district.

The point is made against the bill that the plaintiff has a full and complete remedy at law. From the view we have taken of the case, it will not be necessary to pass on the point.

Defendant contends that she had a legal contract to teach the school, and plaintiff ought not to be permitted to interfere with her. The contract, in our opinion, is regular in all respects, except that it lacks the signature of the president of the school board as required by section 7995, Revised Statutes, 1889. The evidence shows that she was employed by order of the board, in session, to teach a six months' school to begin the first day of September, 1890, and that the clerk of the board was ordered to make the contract with her, that he drew up a contract, in all respects as the law directs, and that it was signed in duplicate by defendant and attested by the clerk, but that the president, who, as one of the board, is prosecuting this suit, refused to sign it. An examination of the proceedings of the board relating to her employment satisfies us that they were regular, and that plaintiff's objections urged thereto are not well taken. A majority of the

board acted, and the record shows such action to have been properly taken. It became the duty of the president of the board to sign the contract, witnessing the employment made by the board, regardless of his individual judgment or view of the propriety of the board's action so long as it was legally taken.

The case really then is this: Plaintiff seeks a court of equity, to restrain defendant from teaching a school for the reason that she has not a legal contract, the illegality arising from the non-performance of a duty which the president of the board should perform, by signing. The case shows that the board, as constituted at the time the demand was made on defendant, was acting in support and approval of the position taken by the president. So, in reality, it may be fairly said that it is the plaintiff wanting a court of equity to enjoin the defendant from doing acts only made wrongful by plaintiff's first wrongful conduct. We think this ought not to be allowed. And in so concluding it is not necessary to say whether defendant, as the case stands, could or could not recover for her services on a direct action at law.

II. It is urged against defendant, that her contract was void for another reason, viz.: That she had not, when employed, a teacher's certificate for the period of her employment. The facts are that she was employed in May for a six months' term beginning in September, and that she had, at the time of her employment, a certificate which expired the following July. That on its expiration, she obtained another certificate for another year, thus covering the period of her engagement to teach. That this certificate was dated back to May so as to cover the day she was employed.

Under sections 7995 and 8021, Revised Statutes, 1889, it is necessary to the validity of a teacher's contract that she shall have a certificate to teach, and it is

provided in the former section that: "The certificate must be in force for the full time for which the contract is made." A proper and reasonable construction of this statute does not require that the teacher shall, at the time of employment, have a certificate which reaches to the end of term of such employment, provided that during the term of such employment he has the proper certificate. Certainly no more should be asked of the teacher than that he renew his certificate at its expiration, as is permitted by sections 8030 and 8031. It is provided in section 7996, that if a teacher's certificate be revoked the contract shall become void, and doubtless the same result would follow if the teacher should fail to have a certificate renewed which had expired during the term of employment.

The result is that the judgment should be reversed and the bill dismissed. All concur.