## CHARLES B. ABLER, Respondent, v. THE SCHOOL DISTRICT OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, January 10, 1910.**

1. **PRACTICE: Appellate.** Where defendant sought to defeat an action on a contract on the ground of unconstitutionality and the Supreme Court held that such constitutional question had not been raised in the trial court and hence could not be raised in the Supreme Court and certified the case to this court, such defense cannot be raised in this court.

2. **CONTRACTS: Effect of Merger of Corporations.** Where a corporation enters into a contract and goes entirely out of existence by being annexed to or merged in another. if no arrangements are made respecting the property and liabilities of the corporations that ceases to exist, the subsisting corporation will be entitled to all the property and answerable for all the liabilities under such contract.

3. **CONTRACT: Teacher: Certificate Required.** A compliance with the statute which requires that a teacher's certificate must be in force for the full time for which the contract is made, does not require that the teacher have a certificate which reaches to the end of the term of his employment provided that he has the proper certificate during the time of such employment. He is only required to renew his certificate at its expiration.

4. ———: ———: ———: ———. A certificate is sufficient authority to teach in the public schools of the county although it does not recite that it was first or second class, and where the certificate recited that it was issued for one year it could not be limited to a less period by a writing below the signature of the commissioner.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey*, Judge.

AFFIRMED.

*H. K. White* for appellant.

(1) The merger of the two districts annulled the executing contracts sued upon, leaving the defendant district liable only for the value of services performed at the time of the merger. 7 A. and E. Ency. of Law (2 Ed.), 116; People v. Insurance Co., 91 N. Y. 174; Mumma v. Potomac Co., 8 Peters 287; Read v. Bank, 23 Me. 321; Jones v. Judd, 42 N. Y. 41; Segall v. Eaton, 165 Ill. 550. (2) Under the Constitution and Laws of Missouri, the contracts were void, because at the time of their execution, district number seven had no funds to meet the claims sued for, and had not provided any means by which funds would accrue to meet these obligations. Constitution of Missouri, art. X, sec. 12; R. S. 1899, secs. 9840, 9770, 9790; Book v. Earl, 87 Mo. 246; Barnard v. Knox, 105 Mo. 390; State ex rel. v. Johnson, 162 Mo. 629; Railroad v. Thornton, 152 Mo. 575; Kane v. School District, 48 Mo. App. 408; State ex rel. v. Railroad, 169 Mo. 574; Anderson v. Ripley Co., 181 Mo. 65; Trask v. Livingston Co., 210 Mo. 582. (3) Plaintiff Drowns cannot recover be-

cause his certificate as licensed teacher would have expired before the expiration of the contract, and was not a certificate in form · prescribed by statute. Section 9805 provides for examination of persons desiring to be teachers, and authorizing the commissioner to grant certificates. It also provides that "The certificate thus granted is to be of force only in the county for which it was granted and shall not be issued for a period of less than twelve months nor longer than two years." Section 9766 provides that only legally qualified teachers shall be employed. Section 9797 provides that no teacher shall be employed until he has received a certificate of qualification therefor signed by the commissioner of the county where he intends to teach. Section 7997 provides for penalties of a criminal nature to be imposed upon teachers and directors who disregard the provisions of the above sections. Section 9807 provides for two grades of certificates, "first grade certificate" and "second grade certificate." The certificate introduced by plaintiff Drownes was not of either of these classes.

*Wm. H. Sherman* and *Jas. W. Boyd* for respondents.

(1) This court has no jurisdiction of these cases. Respondent, Abler, recovered by the judgment of the circuit court $482.55. The other respondents recovered each a smaller sum, so that, as to the amount involved in any one of these cases, no jurisdiction was conferred upon this court. Section 12, of article 6, of the Constitution confers jurisdiction upon the Court of Appeals in cases wherein the amount recovered does not exceed the sum of $2,500, later amended, so as to increase the amount to $4,500, and to cases involving the construction of the Constitution. No question arises in this case involving a construction of the Constitution of this State, nor of any law the validity of which is questioned by and on account of any constitutional

limitation or restriction. It is true that the appellant, in his second assignment or error claims that the contracts made and entered into by the respondents in District No. 7 are contrary to the provisions in section 12 of article 10 of the Constitution, but this section probably has nothing to do with the merits of this case; and, besides, it has been so many times construed and defined as to its meaning that there is nothing further left for this court to do or say in that respect. There is nothing suggested in the appellant's answer, nor in any pleading in the case, nor in any instruction asked by it, to in any wise indicate to the circuit court that any question involving the construction of the Constitution was to be considered in this case. In order to bring an appeal within the jurisdiction of the Supreme Court, a constitutional question must be involved, and such question must be raised on the record. Holland v. DePriest, 130 Mo. 89. (2) It must appear that a constitutional construction was essential to the deciding of the case. State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 152 Mo. 444; State ex rel. v. Smith, 176 Mo. 44; Curtis v. Smith, 177 Mo. 69; Tarkio v. Loyd, 179 Mo. 600. (3) It must appear that a constitutional question was raised in the trial court and ruled on against the party or person appealing. Hardin v. Carthage, 147 Mo. 442; Brown v. Railroad, 175 Mo. 185; 176 Mo. 44, supra. (4) Until the trial court has passed on the legality of an act the Supreme Court does not have jurisdiction on the ground that a constitutional question is involved. Colman v. Cole, 158 Mo. 253; Baldwin v. Fries, 103 Mo. 286. (5) As approving these cases, the doctrine therein stated is confirmed in the following cases: State ex rel. v. Smith, 173 Mo. 411; Karn v. Railroad, 114 Mo. 162. (6) As sustaining this doctrine from other States, we cite the following school cases: Winona v. School Dist., 40 Minn. 13, 41 N. W. 539; Board of Supervisors v. Thompson, 61 Fed. 914; Hoffield v. Board of Education, 33

Kan. 644, 7 Pac. 216; Brewer v. Palmer, 13 Mich. 104; Coler v. Dwight School Township, 3 N. D. 249, 55 N. W. 587, 28 L. R. A. 649; Schriber v. Langlade, 66 Wis. 629; Turnbull v. School Dist., 43 Mich. 496, 8 N. W. 65. (7) In addition to the two assignments of error hereinbefore referred to as having been made by the appellant, the appellant, as against respondent Drowns, suggests to this court that he ought not to recover, because, as appellant claims, his certificate as a licensed teacher, held by him at the time he entered into the contract with District No. 7, expired before the expiration of the contract, or before the expiration of the school year. Respondent Drowns, in answer to this point, says: That his teacher's certificate, introduced in evidence, is as follows: "It is hereby certified that William Drowns has furnished satisfactory evidence of good moral character, and has, upon examination, attained grades, as indicated in the following subjects: . . . ."

BROADDUS, P. J.—The plaintiff in the trial court sought to recover from appellant damages for failing to perform a certain contract, alleged to have been made with School District No. 7.

The petition after an allegation of the corporate capacity of the two districts, sets out that on the 9th day of September, 1904, the voters of district No. 7 voted in favor of becoming incorporated with defendant School District of St. Joseph, and that on September the 15th, 1904, the directors of the latter voted to accept District No. 7, and received all its property real and personal and assumed its debts. It is alleged that prior thereto District No. 7, entered into a contract with the plaintiff for performance by him of janitor work for the ensuing year. He claims that he entered upon the performance of his work and worked a few days prior to September, 1904, at which time

141 App.—13

defendant would not longer permit him to do his work although he was willing to do so. He asks for damages against defendant on his contract.

The answer of defendant admitted the corporate capacity of the two school districts, but denied all the other allegations and set up the following as a defense: That the pretended contract was void because District No..7 had not provided any income and revenue for the fiscal year commencing July 1, 1904, had failed to make any levy of any taxes upon the property within its limits for that fiscal year, had failed to make any estimate of the amount needed for sustaining the schools and the rate required to raise such amount needed, and had failed to make any enumeration of children of school age living within the limits of the district, so that it was not entitled to any of the public school fund required to be apportioned by the county clerk of the said county, including the moneys received by the county in the treasury of the State, and including moneys arising from interest on funds derived from sale of school lands, and moneys arising from the county school fund, and moneys arising from the payment of railroad and bridge corporations of taxes levied on their property; and that the district had no other funds or sources of income whatever at the time of making the alleged contract.

The records of District No. 7 showed that at a meeting of its directors held on the 2d day of September, 1904, plaintiff was employed as janitor at a stipulated salary; and it was shown that defendant refused to permit plaintiff to continue his service in the performance of his contract.

For further statement we quote from that of the appellant, to-wit: "The defendant introduced . . . the record of the case of School District No. Seven v. Defendant School District. The opinion is reported in Vol. 184, Missouri Reports, at page 139 and following:

"In brief the case showed that in 1901, owing to a mutual mistake as to the effect of the extension of the city of St. Joseph over a portion of the territory of District No. Seven, the directors of No. Seven had surrendered to the defendant school district jurisdiction over that portion of the district which was taken into the city limits. At the same time it turned over a small amount of money in the general fund, which, with some additional money collected from the delinquent tax list, the defendant district had used in paying debts of District No. Seven and repairing the McKinley School, which was in the surrendered part of the district. The defendant district had also used some of its own moneys for these purposes in addition to the above funds legally belonging to Number Seven.

"In addition . . . No. Seven had turned over to the defendant . . . at this time its balance in the interest and sinking fund. Between the time of the receiving these moneys and the institution of the suit by No. Seven to recover the surrendered territory and property, the defendant district had paid interest on the bonds issued by No. Seven. In this suit it tendered the balance of this fund on hand and deposited the same in court.

"The Supreme Court allowed the defendant its disbursement, so that when the case was decided in this court, the defendant District was found not to owe Number Seven anything on general account, and to owe No. Seven exactly the amount tendered.

"The record of this case also showed that after the merger of the two districts the money deposited by the defendant district was returned to it.

"The defendant . . . showed that the only money received by the defendant . . . at the time of the merger was the above amount turned back into the interest and sinking fund."

It was admitted that in 1904 and 1905, there was no money whatever to the credit of District No. Seven

upon the books of the county treasurer and "that the directors and officers of School District Seven did not make any enumeration of the children within the school district or estimate of funds needed for school purposes," and took no steps whatever to provide funds for any school purpose general or special. It was admitted that the school-houses in District No. 7 were worth $30,000. The finding and judgment of the court was for the plaintiff from which the defendant appealed to the Supreme Court on a constitutional ground. But the court held that as the question had not been raised in the trial court, it could not be raised in that court and transferred the case to this court.

The Supreme Court held that the annexation in 1901, of School District No. Seven to the appellant's district was without authority of law and invalid. The opinion of the court was handed down in October, 1904, and after the actual merger of the two districts in September previously. The contract of employment was made in July of the year and while the school district was in law, under the said decision, a separate district. But it was contended that the district could not enter into a valid contract and thereby create indebtedness without first having made provisions for such indebtedness; and that as no such steps had been taken in the way of enumerating the number of children in the district of school age and otherwise providing for revenue to meet its obligations, the contract was void under Article 12, of the Constitution. But as we have seen that question cannot be raised in this court, therefore the act of the District No. Seven in employing plaintiff is not subject to the charge of invalidity.

The only remaining question is whether the merger of the two districts annulled the execution of the contract sued on, leaving the district liable only for the value of services already performed under the contract at the time of the merger.

It is said: "Where performance of a contract is dependent upon the continued existence of a person or thing, and such continued existence was assumed as the basis of the agreement, the death of the person or the destruction of the thing puts an end to the obligation." [7 A. and E. Ency. of Law, 116.] And so we find the law in Mumma v. Potomac Co., 8 Peters 281; Read v. Frankfort Bank, 23 Me. 318; People v. Glove Mutual Insurance Co., 91 N. Y. 174; and other cases. We have no doubt about the correctness of the principle and cannot see how it could be otherwise, but there is much room for difference of opinion in its application.

We do not think the rule has any application to this case. The question has been decided by the Supreme Court in Thompson v. Abbott, 61 Mo. 176. It is there held that where one corporation goes entirely out of existence by being annexed to or merged in another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property and answerable for all the liabilities." This case was where under the statute a township school district became merged in an adjoining town for school purposes and the board of education of the municipality took possession and control of the school property of the annexed district.

The case of respondent and Mary McCarthy, Charles Street and William Drowns, were all submitted together in this court by the parties and the opinion in one is to govern in the others so far as they apply. That of Street stands upon the same footing as this case, as both were employed as janitors.

William Drowns was employed as teacher. It appeared that his certificate as a licensed teacher would have expired before the expiration of the contract. The statute provides that a teachers certificate "must be in force for the full time for which the contract is

made." The statute is construed as follows: "A proper and reasonable construction of the statute does not require that the teacher shall, at the time of his employment, have a certificate which reaches to the end of such term of his employment, provided that during the time of such employment he has the proper certificate. Certainly no more should be required of the teacher than that he renew his certificate as its expiration." [School District v. Edmonston, 50 Mo. App. 65; Hibbard v. Smith, 135 Mo. App. 721.]

The form of the certificate is objected to. It is dated September 6, 1904, and is denominated "Special." It recites that the applicant has furnished satisfactory evidence of good moral character and upon examination has attained certain grades specifying the following which recites: "Therefore authority is hereby given him to teach in the public schools of Buchanan County for the term of one year from this date unless this certificate be revoked." After the signature of the commissioner, is written: "Good till the next regular examination March, 1905." The objection is twofold: First that it is neither a first class nor second class certificate; and second that it is issued for a period less than one year. The statute requires that two classes of certificates be issued, viz.: first and second class and that they be issued for one year.

We do not think it makes any difference whether the certificate was classified or not, if Mr. Drowns was competent to teach and had a certificate to that effect from the proper authority, and his contract with the district was lawful. He belonged to one or the other of the classes and it made no difference which, for either was sufficient authority for him to teach in the public schools of the county. The writing on the certificate did not limit the duration of the certificate itself as it ran for one year. It was unauthorized and could not have the effect of contradicting the recita-

tions in the certificate. The law required that it should be issued for one year and it so recited.

There was no objection made to the certificate of Mary McCarthy who was also employed at the same time as a teacher.

It follows therefore that the cases of J. N. Street, Mary McCarthy, William Drowns and the respondent herein against appellant be affirmed. All concur.