## ROCKY MOUNT INDEPENDENT SCHOOL DIST. v. JACKSON.

### No. 5798.

Court of Civil Appeals of Texas.
Texarkana.

May 7, 1941.

Rehearing Denied May 15, 1941.

Wellborn & Wellborn, of Henderson, and Mat H. Barton, of Overton, for appellant.

Brachfield & Wolfe, of Henderson, for appellee.

JOHNSON, Chief Justice.

Appellee, A. J. Jackson, plaintiff in the trial court, filed his petition November 15, 1939, complaining of C. C. Taylor, A. F. McMillan, Elton Reeves, W. C. Cooper, V. J. Sladek, R. L. Tate, and F. B. Haynes, individually and as Trustees composing the Board of Trustees of the Rocky Mount Independent School District, and against such Board of Trustees as a body corporate, the First State Bank of Overton, Texas, and C. G. Fowler. In substance, plaintiff alleged:

That on May 3, 1938, he entered into a contract with the Rocky Mount Common School District of Rusk County to teach for the school terms of 1938-39 and 1939-40, said terms to begin July 1st of each year, at a compensation of $180 per month for each of the months during said two-year period; that the Rocky Mount Independent School District is the successor of and was incorporated, March 8, 1939, out of the same territory which comprised the Rocky Mount Common School District; that the defendant Trustees after incorporation of said school district paid plaintiff's salary vouchers for the months of March and April, 1939; that on April 24, 1939, plaintiff received notice of dismissal by the Trustees of said independent school district, because it was claimed that his contract was void; that on April 27, 1939, plaintiff gave notice to said Board of Trustees of his appeal to the County Superintendent; that on May 5, 1939, he filed his petition with the County Superintendent,

who on June 23, 1939, made his ruling refusing to reinstate plaintiff or to recognize his contract; that plaintiff gave notice of appeal to the County Board of School Trustees, and on July 11, 1939, said Board passed and entered its order upholding plaintiff's contract; that thereupon the Rocky Mount Independent School District appealed to the State Superintendent who affirmed the ruling of the County Board of School Trustees; that thereupon the said Rocky Mount Independent School District appealed to the State Board of Education, which Board sustained the ruling of the State Superintendent and entered its order holding that plaintiff had a "valid and existing contract with the Rocky Mount Independent School District which is in every way legal and binding upon the Trustees of said District," and ordered the Trustees of said Rocky Mount Independent School District to reinstate plaintiff as principal of said school; that notwithstanding the order of the State Board of Education, the Trustees of Rocky Mount Independent School District failed and refused to reinstate plaintiff or to pay his salary, and in disregard thereof appointed one C. G. Fowler to fill the vacancy which said Trustees had declared in plaintiff's position; that defendant Trustees owe plaintiff his salary since May 13, 1939, which they have failed and refused to pay; that he has been unable to obtain other employment to minimize his damage; that defendant school district is exempt from execution; that defendant school district has available to pay plaintiff's salary the sum of $3,000 on deposit in the First State Bank of Overton from the year 1938-39 funds, and has $900 in uncollected delinquent taxes and has due it the sum of $2 per capita upon each of its scholastic students from the state apportionment fund, of approximately 383 scholastic children; that plaintiff's only remedy to enforce payment of the indebtedness due under his contract is by writ of mandamus; that if such funds are not on hand, as alleged, then defendant trustees are individually liable. Plaintiff prayed for judgment upon his contract for the unpaid balance of his salary and for a writ of mandamus to be issued against the proper officers of the Rocky Mount Independent School District requiring them to issue the necessary vouchers to pay plaintiff out of available assets of said independent school district for the years 1938-39 and 1939-40. Plaintiff further prayed for

issuance of injunction against defendants restraining them from paying out said 1938-39 and 1939-40 funds of the district available and which would be properly payable to plaintiff.

Plaintiff's petition was presented to the district judge, who issued his fiat November 15, 1939, granting a temporary restraining order, as prayed for, operative until a hearing, set for November 25, 1939, upon plaintiff's executing bond in the sum of $500. The bond was filed and approved November 16, 1939. On November 17, 1939, by agreement of the parties, the hearing set for November 25th, was continued to December 2, 1939, and on said date the fiat was amended to further restrain defendants from expending $500 of available funds of 1938-39, and $2,500 from available funds of 1939-40, impounding same until further order of the court.

Defendant's first amended original answer, on which they went to trial, consists of a plea to the jurisdiction; a general demurrer; a special exception to paragraphs 3 and 4 of plaintiff's petition (which pleads the contract executed by the Rocky Mount Common School District), because the contract was entered into for two years and before any money was made available to meet the obligation; that R.S.1925, Article 2758, Vernon's Ann.Civ. St. art. 2758, is unconstitutional; a general denial; that plaintiff did not attempt to minimize his damage; and the want of funds with which to pay plaintiff's claim.

The cause was tried February 29, 1940, to the court without a jury. The court found the facts substantially as alleged in plaintiff's petition, and entered judgment awarding plaintiff recovery for the unpaid balance of his salary under his contract, for the months of May, 1939, to June, 1940, both inclusive, at $180 per month, and ordered that a writ of mandamus issue directing defendants to issue vouchers paying plaintiff for the months of May, 1939, to February, 1940, both inclusive, and to issue vouchers payable to plaintiff for the months of March to June, 1940, both inclusive, as they should become due, all payable out of the impounded funds, which the court found were available for payment of plaintiff's salary. The injunction was continued in force until the judgment should be satisfied. The trustees in their individual capacity and C. G. Fowler were dismissed from the suit on motion of plaintiff. The defendant Rocky Mount Independent School District and its Board of Trustees as a body corporate perfected an appeal to this court.

██ Appellant's first proposition raises the contention that the trial court was without jurisdiction to hear and determine appellee's petition, because the subject matter of the suit had been appealed to and finally passed upon by the County Superintendent, the County Board of School Trustees, the State Superintendent, and the State Board of Education; that the decision of the State Board of Education, in favor of appellee, was a final judgment, unappealed from; that the State Board of Education, though not expressly given such power by statute, has the implied power to issue all writs necessary to the enforcement of its judgments; that "when the State Board of Education rendered its judgment governing this subject matter and said judgment became final, it was the duty of the appellee herein to have secured his process from that body to enforce said judgment"; that since the State Board of Education had the implied power to enforce its said judgment, appellee's only remedy was to apply to said Board for issuance of the necessary writs, wherefore the District Court was without jurisdiction to hear and determine appellee's claim or to order the issuance of a writ of mandamus to enforce payment of same. We do not agree with the contention. Appellant has cited to us no authority and we have found none holding that the State Board of Education has the implied power to issue the necessary writs to enforce its orders of the nature here involved. On the contrary, the rule is well established by the decisions in this state that "where appeals have successively been prosecuted through the County Superintendent, the County Board of School Trustees, the State Superintendent, and the State Board of Education, and their orders are disobeyed, the courts will compel compliance, provided the applicant shows a sufficient interest to entitle him to the relief sought, and provided the facts shown are sufficient to justify the granting of relief." 37 T.J. 927, § 60; Bevers v. Winfrey, Tex.Civ.App., 260 S.W. 627; Noguess v. Peveto, Tex.Civ. App., 297 S.W. 1100; Town of Pearsall v. Woolls, Tex.Civ.App., 50 S.W. 959.

██ Appellant's 2nd proposition asserts that the trial court erred in overruling its plea to the jurisdiction of the court, because the matter or issues of whether

or not appellee was entitled to damages for breach of his contract, and for writ of mandamus, and for injunction, as alleged and prayed for in his petition, had not been submitted to and passed upon by the school authorities. In support of its contention appellant cites R.C.S.1925, Article 2749; Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120; Bear v. Donna, I. S. D., Tex.Civ.App., 74 S.W.2d 179. The cases cited do not support appellant's contention. In substance they hold that the statute, now Article 2749, vests the school trustees with authority to employ and dismiss teachers, and that in case of dismissal the teacher may not seek relief in the courts until after he has (as appellee did in the present case) submitted the matter of whether or not he was in fact improperly discharged to the school authorities as provided by law, R.S. Articles 2656, 2686, and 2749, but they do not hold that the issues as to the amount of damages sustained for unwarranted discharge, and whether or not he is entitled to the relief of mandamus to enforce payment of his claim, must first be submitted to and determined by the school authorities before being entertained by the courts. The question in substance here raised by appellant was decided contrary to its contention in Gragg v. Hill, Tex.Civ.App., 58 S.W.2d 150, writ refused.

■ Appellant's 3rd proposition asserts that the trial court erred in overruling its general demurrer to appellee's petition, because appellee's contract was entered into with the Rocky Mount Common School District which by incorporation subsequently became the Rocky Mount Independent School District. Appellant contends: "A contract made by the Rocky Mount Common School District with a teacher would not be binding upon the Rocky Mount Independent School District which is a separate and distinct corporation," and "that it would be against public policy to compel the Rocky Mount Independent School District to carry out the contract made by the teacher and the Rocky Mount Common School District." Appellant bases its contention upon the fact that Article 2757, Vernon's Civil Statutes, authorizing incorporation of common school districts into independent school districts, and no other article of the statutes, expressly provides that a school district upon becoming incorporated remains liable upon the contracts which such district had entered into while operating as a common school district. It is apparent that to sustain appellant's contention would, in effect, hold that the Legislature in authorizing common school districts to incorporate into independent school districts, provided a method whereby common school districts could lawfully defeat their debts and other binding obligations. We do not think that such a holding, if made, could be sustained, as contended, upon any grounds of public policy. On the other hand, it appears to be the general rule of law that where a district is dissolved and a new district created by incorporation of the same territory, the new district is entitled to all the property and liable for all the obligations of the old district, in absence of some statute to the contrary. 56 C.J. 271, § 113. The precise point here raised, as relating to incorporation of a common school district into an independent school district, does not appear to have been passed on by any of the decisions of our courts, but it has been decided adversely to appellant's contention in the state of Missouri. Abler v. School District of St. Joseph, 141 Mo.App. 189, 124 S.W. 564; Gray v. School District No. 73, 224 Mo. App. 905, 28 S.W.2d 683. The principle involved has been decided in this state, Young v. City of Colorado, Tex.Civ.App., 174 S.W. 986, writ refused; Morris & Cummings v. State of Texas ex rel. N. Gussett, 62 Tex. 728.

Appellant's 4th proposition asserts that the trial court erred in rendering judgment against it, because, at the time of rendering the judgment, there was no funds belonging to appellant with which to pay the judgment. It appears from the record that this proposition is without support in the facts. On the other hand, the trial court's findings, which are supported by the evidence, show that appellant held sufficient funds liable for payment of appellee's salary.

Appellant's 5th proposition asserts that the trial court erred in overruling its general demurrer to appellee's petition, because appellee failed to allege that appellant had sufficient funds with which to pay appellee's salary as provided in the contract. The proposition is not sustained. Paragraphs 18 and 20 of appellee's petition allege the facts showing that appellant had on hand and belonging to it funds liable for the payment of appellee's

salary, sufficient in amount to pay same. The funds were impounded by order of the court and were found by the court to be on hand at the time of the trial and the restraining order was continued in force by the court until the judgment should be satisfied.

The judgment of the trial court will be affirmed.