

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 29, 1955

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. S-162

Re: Effect of abolishment
of an independent
school district on
existing teacher em-
ployment contracts.

Dear Dr. Edgar:

In requesting the opinion of this office you have stated that the board of trustees of an independent school district engaged the services of some additional school teachers to fill positions which the board declared had been vacated by other teachers. In less than a month after this action was taken, an election in the district, pursuant to the provisions of Article 2767, Vernon's Civil Statutes, abolished the independent district. The county board of school trustees then created a common school district containing the same area comprised in the former independent school district, and appointed a three member board of trustees for the new common school district. One of the first acts of the board of trustees of the common school district was to cancel the teaching contracts awarded to the replacement teachers by the board of trustees for the former independent school district. You have asked the question as to the validity of the teaching contracts in the light of the order of cancellation.

School districts are "quasi municipal corpora-tions." Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 26 (1931).

". . . under the well established rule of equity, when the same, or substantially the same, inhabitants form a new corporation with the same territorial limits, the new corporation is treated as the successor of the old and subject to its lia-bilities. . . ." Young v. City of Colorado, 174 S.W. 986, 994 (Tex.Civ.App. 1915, error ref.) See also Rocky Mount I.S.D. v. Jackson, 152 S.W.2d 400, 403 (Tex.Civ.App. 1941, error ref.).

The board of trustees of the independent school district was authorized to contract with the teachers it em-ployed. Article 2781, V.C.S. Those contracts created a

liability against the independent school district. Campbell v. Jones, 264 S.W.2d 425 (Tex.Sup. 1954); Rocky Mount I.S.D. v. Jackson, supra; Fikes v. Sharp, 112 S.W.2d 774, 777 (Tex. Civ.App. 1938, error ref.); Borger I.S.D. v. Dickson, 52 S.W. 2d 505 (Tex.Civ.App. 1932, error ref.). When the independent school district was abolished by election the common school district succeeded to all the assets of the former district, and likewise became liable for all the obligations of the old district. Article 2767c, V.C.S.; Rocky Mount I.S.D. v. Jackson, supra. The teaching contracts could not be revoked without any charge of fraud, imposition, or mutual mistake, and without a hearing given the teachers in regard to the intended revocation of their contracts. Miller v. Smiley, 65 S.W.2d 417, 420 (Tex.Civ.App. 1933, error ref.).

Under the circumstances described in your request the contracts of the teachers legally employed by the board of trustees of the independent school district were not affected by the abolition of the independent school district and the subsequent creation of the common school district comprising the same boundaries. The action of the board of trustees of the common school district was ineffective to cancel the teaching contracts. Consequently, the teachers are still employed by the school district for the remaining term of their contracts.

## SUMMARY

A school district succeeding to the same boundaries held by a former school district assumes the assets and obligations of the former district. Teaching contracts of the former district remain as continuing obligations of the succeeding district.

APPROVED:
J. C. Davis, Jr
County Affairs Division
William W. Guild
Reviewer
J. A. Amis, Jr.
Reviewer
Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:zt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Billy E. Lee*
Billy E. Lee
Assistant