Leafa McCLURE, Appellant,

v.

PRINCETON RE–ORGANIZED SCHOOL DISTRICT R–5 of MERCER AND GRUNDY COUNTIES, Missouri, Respondent.

No. 22667.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1957.

Herbert S. Brown, Trenton, for appellant.

J. Morgan Donelson, A. B. Walker, Princeton, for respondent.

MAUGHMER, Commissioner.

Plaintiff, a school teacher, seeks damages resulting from the failure and refusal of defendant School District to carry out the terms of a written contract under which plaintiff alleges she was employed as a school teacher for the 1955–56 school year. Defendant responded to plaintiff's petition by filing a motion to dismiss for failure to state a cause of action. The trial court sustained defendant's motion, entered judgment dismissing the petition, and plaintiff appealed. We, therefore, must determine if plaintiff's petition did allege sufficient facts to constitute a cause of action against defendant. In deciding that question it is basic that all factual allegations properly pleaded are assumed to be true. This, in turn, requires that the petition be examined in some detail.

Plaintiff's petition alleges (1) that plaintiff was duly employed and acted as a school teacher for Nigh School District No. 85 of Mercer County, Missouri, for the school year 1954–55; (2) that on February 11, 1955, the Nigh School District Board of Directors employed plaintiff as teacher for said school for the school year 1955–56 at a salary of $300 per month for an eight month term as evidenced by a written contract (Ex. B) attached to the petition. It is not disputed that this contract, insofar as form and contents are concerned, was a valid agreement and met all statutory requirements as to its composition; (3) "that after February 11, 1955 * * * and prior to September, 1955, Nigh School District No. 85 of Mercer County, Missouri, was merged into the Princeton Consolidated School District C–2, which, on or about December, 1955, merged with other school districts and reorganized under the name of Princeton Re-organized School District R–5 of Mercer and Grundy Counties, Missouri"; (4) that defendant failed and refused to carry out the contract to plaintiff's damage in the sum of $2400.

Plaintiff asserts that a corporation or a consolidated school district absorbing

another district succeeds to both its assets and liabilities. In Abler v. School District of St. Joseph, 141 Mo.App. 189, 124 S.W. 564, 566, this court applied such rule to a school district with these words: "The question has been decided by the Supreme Court in Thompson v. Abbott, 61 Mo. 176. It is there held that where one corporation goes entirely out of existence by being annexed to or merged in another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property, and answerable for all the liabilities". To the same effect is this quotation from the Supreme Court of Missouri in State ex rel. Consolidated School District No. 8 of Pemiscot County v. Smith, 343 Mo. 288, 121 S.W.2d 160, 162: "It has also been held to be the general rule in this state that in the absence of constitutional or statutory provisions to the contrary where one corporation goes entirely out of existence by being annexed to or merged in another corporation, then the subsisting corporation will be entitled to all the property and will be answerable for all the liabilities. When the benefits are taken, then the burdens are assumed. This general rule was applied to school districts in the case of Thompson v. Abbott, 61 Mo. 176, which case was cited with approval in Town of Mt. Pleasant v. Beckwith, 100 U.S. 514, 25 L.Ed 699". In Boswell v. Consolidated School Dist. No. 8, Mo.App., 10 S.W.2d 665, it was squarely held that where a school teacher had a binding contract with a school district, a consolidated district, absorbing such district, was bound to carry out the contract. See, also, Section 165.290, V.A.M.S. We accept the conclusion announced by these authorities and hold it applicable to this case.

The real and vital issue on this appeal revolves around whether or not plaintiff's written contract made February 11, 1955, was beyond the authority of the Nigh District Board and, therefore, void. Plaintiff says that the Nigh District Board at the time had full authority to make such a contract. Defendant contends that: (1) a school teacher cannot be lawfully employed or re-employed until after the annual school meeting which is held on the first Tuesday in April of each year, and (2) plaintiff does not claim "that she was not properly notified as provided in Section 163.090 by Princeton Consolidated School District C–2 (this defendant) of a termination of her old contract", and that this "leaves her in a position of attempting to recover in the face of the prohibitory provisions of Section 163.080 RSMo 1949 [V.A.M.S.]".

Since our decision involves in a high degree, interpretation of two statutes on the subject "Conduct of Schools", we set out the pertinent provisions of those statutes. Section 163.080, V.A.M.S. provides in part: "The board shall have power, at a regular or special meeting *called after the annual school meeting*, to contract with and employ legally qualified teachers for and in the name of the district". Section 165.200, V.A.M.S. fixes the date of the annual school meeting as the first Tuesday in April of each year. From Section 163.090, V.A.M.S. we also quote in part: *"Except as may be otherwise provided by law, the provisions of section 163.080 relative to the time and manner of employing teachers shall apply only to their original employment*; and their re-employment shall be subject to the regulations herein set forth. It shall be the duty of each and every board having one or more teachers under contract to notify each and every such teacher in writing concerning his or her re-employment or lack thereof *on or before the fifteenth day of April* of the year in which the contract then in force expires. Failure on the part of a board to give such notice shall constitute re-employment on the same terms as those provided in the contract of the current fiscal year; * * * *When the board of directors of any school district deems it advisable to close the school* and send the pupils elsewhere rather than employ a

teacher, *said board of directors shall have power to terminate any contract continued under the provisions of this section by giving the teacher written notice of such termination not later than the first day of July next following the teacher's re-employment."* (Italics supplied.)

■ In the oral argument here defendant again urged that plaintiff's claim must fail since in her petition she did not affirmatively deny receiving a notice that her contract would not be renewed. Our Civil Code requires a "short and plain statement of the facts" in a petition, and that responsive thereto the opposing party shall set forth any matter constituting an avoidance or an affirmative defense. Sections 509.-050, 509.090, V.A.M.S. If plaintiff's allegations as to the contract of February 11, 1955, are true, and if the Nigh School Board was empowered at the time to contract with plaintiff for the following school year, then the contract itself amounted to compliance on the part of both parties with the notice required by Section 165.090, V.A.M.S. Furthermore, this notice section makes it the duty of the school board to initiate the action or give the notice therein required. Plaintiff's petition should not be held insufficient because she failed to plead respecting such notice. She rests her case upon the written contract. In the absence of affirmative proof by the school board of timely compliance with the notice requirement, our courts have ruled the result to be renewal of the old contract for an additional year and upon the same terms.

In Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874, 881, the school board failed to give the notice and in August made an arrangement to transport the children by bus to Waynesville. The court held the school district liable, saying: "The Waynesville arrangement was not made until the middle of August, and it was illegal anyway so far as appellant was concerned, because the concluding part of Sec. 10342a provides that if the school board desire to do that

they must give the teacher written notice of the termination of his contract not later than July 1, which they failed to do. A school board cannot breach a valid contract merely by making some new arrangement, no matter how legal it may otherwise be. Boswell v. Consolidated School Dist. No. 8 of Newton County, Mo.App., 10 S.W.2d 665, 668(10)". The St. Louis Court of Appeals reached the same result in Common School Dist. No. 27, of Gasconade County v. Brinkmann, Mo.App., 233 S.W.2d 768. We rule this point against defendant, and proceed to its contention that the contract sued upon is void and not a binding obligation against the defendant.

Prior to the enactment of these statutory provisions as to the time and manner of employing teachers, clearly a school board could, before the annual election, employ a teacher for the ensuing year and even though the term of one or more of the directors would have ended before the beginning of that school term. In Tate v. School District No. 11, Gentry County, 324 Mo. 477, 23 S.W.2d 1013, loc. cit. 1022, 70 A.L.R. 771, the Supreme Court of Missouri adopted this statement: "There is nothing in this grant of power to employ teachers and a superintendent which in any way limits the authority of the Board of Trustees to contracts that are to be performed during the existence of any particular organization of that body". This case and the quoted statement were recently adopted and approved in Parker v. School Dist. of Maplewood, Mo.App., 271 S.W.2d 860, 863. In the Tate case the court allowed a teacher to recover under a contract entered into in December for the following school year.

■ It seems clear that the Nigh District Board was legally authorized to enter into this contract, unless such action was forbidden by Sections 163.080 and 163.090, V.A.M.S., supra. The first section provides that the board shall have power, at a meeting *after the annual school meeting,* to contract with and employ teachers. Standing alone this language could well be construed

to preclude hiring teachers before the annual meeting. However, the next succeeding section construes and limits its meaning for us: "Except as may be otherwise provided by law, *the provisions of section 163.080, relative to the time and manner of employing teachers shall apply only to their original employment*". (Italics supplied.)

█ Reading the two sections together, as we must, we believe that Section 163.080 applies only to "original employment" as plainly stated in Section 163.090. Based upon the factual allegations of plaintiff's petition, which must be assumed to be true, we find that on February 11, 1955, plaintiff was a regularly employed teacher in the Nigh School; that said board on that date re-employed her for the following school year; that such was not an original employment; that defendant is successor district to the Nigh District, and that no notice, as shown by the record before us, terminating that re-employment was ever given to her in writing. We believe that such a statement of facts, standing admitted and uncontroverted and with no affirmative defense interposed, does state a cause of action.

What has been said sufficiently rules the issues presented. Defendant's motion to dismiss should have been overruled. Possibly additional facts will be developed upon a trial.

The judgment is reversed and the cause remanded with directions to reinstate plaintiff's petition and to proceed further in conformity with this opinion.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with directions.

All concur.